Port Authority of Allegheny County, Petitioner v. Paul J. Smith, Secretary of Labor and Industry, Commonwealth of Pennsylvania, and Department of Labor and Industry, Commonwealth of Pennsylvania, Respondents.

Argued November 2, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt.

*Dennis L. Veraldi,* with him *Ruffin, Hazlett, Perry & Lonergan,* for petitioner.

*Van P. Braswell,* Assistant Attorney General, for respondents.

Opinion by President Judge Bowman, February 1, 1978:

The question presented in this appeal is whether the Port Authority of Allegheny County (Port Au-

thority) is exempt from paying the annual assessment to the Workmen's Compensation Administration Fund (Fund) assessed upon insurers and self-insurers by Section 446(b) of The Pennsylvania Workmen's Compensation Act (Act).[1] We conclude that the Port Authority is not exempt from paying the assessment to the Fund.

To provide a fund for payment of necessary State expenses in administering the Act, Section 446 was added. It provides, in pertinent part:

> (a) There is hereby created a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth to be known as the Workmen's Compensation Administration Fund. The purpose of this fund shall be to finance the operating and administrative expenses of the Department of Labor and Industry ... in the direct administration of The Pennsylvania Workmen's Compensation Act and The Pennsylvania Occupational Disease Act. . . .
>
> (b) The fund shall be maintained by no more than one (1) annual assessment payable in any calendar year on insurers and self-insurers under this act, including the State Workmen's Insurance Fund. . . .

77 P.S. §1000.2(a), (b).

Subsequent to the creation of the Fund, the Department of Labor and Industry (Department), acting pursuant to Section 446, assessed the Port Authority $10,428.00, the amount calculated to be its contribution to the Fund.[2] The Port Authority paid this assess-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of February 2, 1976, P.L. 2, 77 P.S. §1000.2(b).

[2] The Port Authority does not contest the correctness of the arithmetic computation of the assessment.

ment under protest in March, 1976, having filed an objection to the assessment with the Department pursuant to Section 446(c), 77 P.S. §1000.2(c), in February, 1976. Hearing upon the objection was held in July, 1976, before a hearing examiner specially appointed by the Secretary of Labor and Industry (Secretary). The hearing examiner's Determination, finding that "[t]he Legislature intended that *all* insurers and self insurers, without exclusion or exemption, pay the assessment upon the compensation paid without exclusion or qualification," recommended that the Port Authority's objection be dismissed. (Emphasis in original.) The Secretary, adopting the hearing examiner's recommendation, dismissed the objection. From this Final Determination, a petition for review was filed in this Court.

The Port Authority, conceding its status as a self-insurer under the Act, advances a two-fold argument to avoid assessment. It argues first that Section 12 of the Second Class County Port Authority Act (Port Authority Act),[3] exempts it from paying this assessment. Second, it argues that the rule of construction which exempts public property devoted to public use from taxation, absent a statute to the contrary, is applicable to this case and operates to exclude its payment of this assessment. We are unpersuaded by either argument.

Section 12 of the Port Authority Act, in part, provides:

The effectuation of the *authorized purposes of any authority* created under this act, shall and will be in all respects for the benefit of the people of the Commonwealth, for the increase of their commerce and prosperity, and for the improvement of their health and living condi-

---

[3] Act of April 6, 1956, P.L. (1955) 1414, *as amended*, 55 P.S. §562.

tions; and since the authority will be performing essential government functions in effectuating such purposes, *the authority shall not be required to pay any taxes or assessments upon any property acquired or used by it for such purposes, or fee, bridge tolls or other charge imposed or authorized to be imposed by virtue of any law of the Commonwealth of Pennsylvania,* except vehicle registration fees, liquid fuels taxes, fuel use taxes, gross receipts taxes imposed as an excise on the use of public highways, and tolls imposed by the Pennsylvania Turnpike Commission. . . .[4]

55 P.S. §562 (emphasis added).

We note preliminarily that the Port Authority has placed a more selective emphasis upon the language of Section 12, and would have us read that section as exempting it from "any . . . assessments . . . imposed or authorized to be imposed by virtue of any law of the Commonwealth of Pennsylvania." We do not believe that the legislature intended the phrase "imposed or authorized to be imposed by virtue of any law of the Commonwealth of Pennsylvania" to relate to the word "assessments." An historical examination of Section 12 reveals that the phrase "imposed or authorized to be imposed by virtue of any law of the Commonwealth of Pennsylvania" first appeared when added by Section 12 of the Act of October 7, 1959, P.L. 1266, while the word "assessments" appeared in the original Section 12 of the Act of April 6, 1956. We

---

[4] Section 12 has been repealed in part by Section 2 of the Act of February 1, 1974, P.L. 24, *as amended,* insofar as it is inconsistent with Section 4 of the Fuel Use Tax Act, Act of January 14, 1952, P.L. (1951) 1965, *as amended,* 72 P.S. §2614.4, and by Section 2 of the Act of February 1, 1974, P.L. 27, *as amended,* insofar as it is inconsistent with Section 4 of The Liquid Fuels Tax Act, Act of May 21, 1931, P.L. 149, *as amended,* 72 P.S. §2611d.

believe, therefore, that the phrase in question relates to the words "other charge" which immediately precede it, and we do not read the phrase in connection with the word "assessments."

Even though the legislature chose to use the word "assessment" in Section 446 of the Act, we are unconvinced that an assessment under Section 446 constitutes an "assessment" within the meaning of Section 12 of the Port Authority Act. In enacting Section 12, the legislature did not exempt an authority from paying *all* taxes or assessments, but only those taxes or assessments upon *property acquired or used* by an authority *for the authorized purposes of an authority.* The authorized purposes of an authority are the "planning, acquiring, holding, constructing, improving, maintaining and operating, owning, leasing, either as lessor or lessee, port facilities within the port district, and a transportation system in the county by which it is incorporated and outside the county to the extent necessary." Section 3(a) of the Port Authority Act, 55 P.S. §553(a). The assessment payable here is calculated upon the total amount of compensation paid by each insurer or self-insurer in a given calendar year. *See* Section 446(b) of the Act. As such, we fail to see how this assessment is an assessment upon Port Authority property acquired or used in connection with any of the authorized purposes enumerated in Section 3(a) of the Port Authority Act.

The second argument of the Port Authority is that it is exempt from paying this assessment because of the rule of construction that public property devoted to public purposes is immune from taxation absent a statute clearly expressing the legislative will that such property shall not be immune. The Port Authority cites *Commonwealth v. Erie Metropolitan Transit Authority,* 444 Pa. 345, 281 A.2d 882 (1971), and *Southwest Delaware County Municipal Authority*

*v. Aston Township*, 413 Pa. 526, 198 A.2d 867 (1964), as supportive of its position.

While the above cited cases accurately articulate the rule of construction relied upon by the Port Authority, we find that rule to be inapplicable here for two reasons. First, we are not construing a taxing statute in this case. In issue here is a provision of The Pennsylvania Workmen's Compensation Act designed to relieve the general funds of the Commonwealth from the burden of costs in administering a humanitarian measure. Second, even if Section 446 of the Act were to be viewed as a taxing statute, Section 446 cannot be said to impose a tax upon public property devoted to the authorized public purposes of the Port Authority. The assessment assessed here is upon the total amount of compensation paid by an insurer or self-insurer, which amount does not constitute "public property" as that concept has been enunciated in the case law cited.

Accordingly, the Final Determination of the Secretary of Labor and Industry is hereby affirmed.

ORDER

Now, February 1, 1978, the Final Determination of the Secretary of Labor and Industry is hereby affirmed.