Southeastern Pennsylvania Transportation Authority, Petitioner *v.* Commonwealth of Pennsylvania, Paul J. Smith, Secretary of Labor and Industry, Commonwealth of Pennsylvania and Department of Labor and Industry, Respondents.

Argued February 9, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Joseph F. Keener, Jr.,* with him *Norman Hegge, Jr.,* for petitioner.

*Sandra S. Christianson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., March 13, 1979:

The issue in this case is whether the Southeastern Pennsylvania Transportation Authority (SEPTA) is exempt from paying the annual assessment to the Workmen's Compensation Administration Fund (Fund) assessed upon insurers and self-insurers by Section 446(b) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of February 2, 1976, P.L. 2, 77 P.S. §1000.2(b). We conclude that SEPTA is exempt from this assessment and thereby reverse the Final Determination of the Secretary of Labor and Industry, which approved assessments to the Fund.

Section 446 of the Act, passed on February 2, 1976, states:

(a)   There is hereby created a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Administration Fund. The purpose of this fund shall be to finance the operating and administrative expenses of the Department of Labor and Industry, including the Workmen's Compensation Appeal Board and staff,

but not the State Workmen's Insurance Fund, in the direct administration of The Pennsylvania Workmen's Compensation Act and The Pennsylvania Occupation Disease Act. . . .

(b) The fund shall be maintained by no more than one (1) annual assessment payable in any calendar year on insurers and self-insurers under this act, including the State Workmen's Insurance Fund. . . .

The Department of Labor and Industry (Department) says that Section 446 gives it the power to levy an assessment against SEPTA for the Fund.

SEPTA argues it does not have such power and that SEPTA is exempt from any assessment. This is so, asserts SEPTA, by virtue of Section 39(a) of the Metropolitan Transportation Authorities Act of 1963, Act of August 14, 1963, P.L. 984, *as amended,* 66 P.S. §2039(a). This section provides:

(a) The effectuation of the authorized purposes of any authority created under this act shall and will be, in all respects, for the benefit of the people of the Commonwealth, for the increase of their commerce and prosperity and for the improvement of their health and living conditions, and since such authority will be performing essential governmental functions in effectuating such purposes, it shall not be required to pay any property taxes or assessments, of any kind or nature whatsoever, now in existence or to be enacted in the future, whether imposed by the Commonwealth or by any political subdivision thereof, or by any other taxing authority, and the bonds issued by such authority, their transfer and the income therefrom (including any profits made on the sale thereof), shall at all times be free from taxation within the Commonwealth.

SEPTA argues, and we agree, that the phrase "it shall not be required to pay any property taxes or *assessments of any kind or nature whatsoever,* now in existence or to be enacted in the future, whether imposed by the Commonwealth or any political subdivision thereof" (emphasis added) is clear and unequivocal in its intent to exempt. We have held heretofore that this section exempts SEPTA from taxation. *See Southeastern Pennsylvania Transportation Authority v. Board for Assessment and Revision of Taxes,* 13 Pa. Commonwealth Ct. 207, 319 A.2d 10 (1974) and *Philadelphia v. Southeastern Pennsylvania Transportation Authority,* 8 Pa. Commonwealth Ct. 280, 303 A.2d 247 (1973).

The Department, on the other hand, argues that the case at bar is controlled by the recent opinion of this Court in *Port Authority of Allegheny County v. Smith,* 33 Pa. Commonwealth Ct. 410, 382 A.2d 153 (1978). In that case President Judge Bowman wrote that the exemption provided in Section 12 of the Second Class County Port Authority Act, Act of April 6, 1956, P.L. (1955) 1414, *as amended,* 55 P.S. §562,[1] was not all inclusive. That exemption, in pertinent part says:

> The effectuation of the authorized purposes of any authority created under this act, shall and will be in all respects for the benefit of the people of the Commonwealth, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions; and since the authority will be performing essential government functions in effectuating such purposes, the authority shall not be required to pay any taxes or assessments upon any property acquired or used by it for such

---

[1] Repealed in part by Section 2 of the Act of February 1, 1974, P.L. 24, *as amended.*

purposes, or fee, bridge tolls or other charge imposed or authorized to be imposed by virtue of any law of the Commonwealth of Pennsylvania, except vehicle registration fees, liquid fuel taxes, fuel use taxes, gross receipts taxes imposed as an excise on the use of public highways, and tolls imposed by the Pennsylvania Turnpike Commission. . . .

In *Port Authority, supra,* the court found the wording of Section 12 to mean that the Port Authority was exempt from paying only assessments which are levied upon property acquired or used by the Authority for an authorized public purpose.

No such limiting language exists in SEPTA's exemption. Where the Port Authority exemption reads: "the authority shall not be required to pay any taxes or assessments upon *any property acquired or used by it for such* [authorized and public] *purposes"* 55 P.S. §562 (emphasis added), the corresponding phrase in the SEPTA exemption reads: "it [SEPTA] shall not be required to pay *any property taxes or assessments, of any kind whatsoever, now in existence or in the future. . . ."* 66 P.S. §2039 (emphasis added). In the opinion in the Port Authority case the Court found that the assessment levied for the Fund was not an assessment upon any property acquired or used by the Authority for an authorized purpose, and was, therefore, compelled to find liability. But such a restriction is clearly not present in the SEPTA exemption. Its exemption is broad and unqualified, thereby excluding SEPTA from assessment.

Accordingly, we will enter the following

### ORDER

AND Now, March 13, 1979, the Final Determination of the Secretary of Labor and Industry is hereby reversed as it relates to Southeastern Pennsylvania

Transportation Authority and Southeastern Pennsylvania Transportation Authority is declared to be exempted from an assessment levied pursuant to Section 446 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §1000.2(b).