Department of Labor and Industry, Appellant, *v.* New Enterprise Rural Electric Cooperative, Inc.

414

Argued May 21, 1945.  Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David R. Perry*, Special Deputy Attorney General, with him *James H. Duff*, Attorney General, for appellant.

*Ralph E. Evans*, with him *Richard W. Lins, James H. Booser* and *McNees, Wallace & Nurick*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 29, 1945:
This appeal by the Commonwealth raises the following issue: are unemployment compensation contribu-

tions taxes within the meaning of Section 31 of the Electric Cooperative Corporation Act of 1937 which provides "Corporations formed hereunder shall pay annually, on or before July first, to the Department of Revenue, a fee of ten dollars ($10) for each one hundred members, or fraction thereof, but shall be exempt from all other State taxes of whatsoever kind or nature."[1]

New Enterprise Rural Electric Cooperative, Inc., appellee, was incorporated November 18, 1938, as a nonprofit cooperative corporation to engage in rural electrification pursuant to the Electric Cooperative Corporation Act of 1937, P. L. 1969, 14 P.S. 251 et seq. On April 1, 1943, the Department of Labor and Industry of Pennsylvania, acting under the provisions of the Unemployment Compensation Law of 1936, P. L. 2897, 43 P.S. 751 et seq., made an assessment against it of $1,673.49 and $351.44 interest for unpaid unemployment compensation contributions. On April 12, 1943, appellee, pursuant to the Act of 1942, P. L. 60, Section 4, 43 P.S., Section 784, filed its petition for reassessment, and, on April 26, 1943, filed an amended petition, contending that by virtue of the aforesaid exemption it was not subject to said assessment. After hearing, the Department modified the original assessment but held that appellee was subject to the provisions of the Unemployment Compensation Law. Appeal was taken to the Court of Common Pleas of Dauphin County which held that unemployment compensation contributions were in fact excise taxes on the right to employ, for which taxes appellee was not liable. A petition for reargument, averring that said holding rendered unconstitutional the Electric Cooperative Corporation Act, was dismissed. This appeal followed.

This Court has upon two occasions stated that unemployment compensation contributions constitute an

---

[1] Act of 1937, P, L, 1969, Section 31, 14 P.S., Section 281.

excise tax upon the right to employ: *Fidelity-Philadelphia Trust Company v. Hines,* 337 Pa. 48, 51; *Commonwealth v. Perkins,* 342 Pa. 529, 531. That the tax be designated as contribution or any other name does not render it any less a tax upon the right to employ. See *Carmichael v. Southern Coal & Coke Co.,* 301 U. S. 495, 508.

Appellant contends, however, that the legislature never intended that the Unemployment Compensation Law should not apply to corporations formed pursuant to the act in question. Distinction is made by it between subjectivity to and liability under the Unemployment Compensation Law. Whether such distinction exists is immaterial to this case. Suffice it to say that it appears most artificial and forced. Once the tax *qua* tax is held to exist, the argument regarding the constitutionality of the exemption must proceed upon the assumption that the distinction does not exist. That the legislature realized the need for, and sought to foster, corporations such as appellee is apparent when the purposes for which such corporations are formed and the act in its entirety is considered. The legislature clearly expressed its intention that no such tax should be levied and collected and so stated, both in the act and title thereto. Section 36 of the act, 14 P.S. 286, provides that the act shall be liberally construed. Section 38, 14 P.S. 288, provides: "This act is complete in itself and shall be controlling. The provisions of any other law of this Commonwealth, except as provided in this act, shall not apply to a corporation organized under this act."

The Commonwealth now complains that the construction of the Act by the learned court below will produce an unwarranted classification which would be unconstitutional and which the legislature cannot have intended. Classification must not be arbitrary and capricious but based upon some reasonable differences which bear a just and proper relation to the attempted classification. The argument is not that it is improper

to enact the Electric Cooperative Corporation Act, thus permitting the creation of corporations of a different nature, but that by virtue of the exemption from taxation the legislature has created a classification of employers, some of whom are subject to the unemployment compensation tax and some of whom are not.

That the legislature may properly exercise its police power in an attempt to remove causes of economic stress for the public welfare cannot be doubted. Permissible also is the use of the taxing power as a means to achieve the desired end. Exemptions from taxation must be based upon rational differences. The tax here is upon those employing labor. The legislative purpose is to secure to employees some degree of economic security and remove the effect of seasonal unemployment and economic depression.

The legislature may well consider the comparative effect of unemployment upon various types of employees. The Unemployment Compensation Law [43 P.S., Section 753 (j) (4)] sets forth 19 classes of labor not to be included within the word "employment." "In establishing a system of unemployment benefits the legislature is not bound to occupy the whole field. It may strike at the evil where it is most felt . . . or where it is most practicable to deal with it . . . It may exclude others whose need is less . . . or whose effective aid is attended by inconvenience which is greater . . .": *Carmichael v. Southern Coal & Coke Co.*, supra, 519-520. The legislature may have concluded that to impose the payment of this excise tax upon corporations created under the Electric Cooperative Corporation Act would result in increased charges for rural electric current and might seriously impede the accomplishment of the very purpose of the legislation.

This Court cannot say that such considerations and others did not lead to selection of the classes of employees. Since a state of facts may reasonably be conceived to support the exemption in question, the said

exemption is not subject to the constitutional objections here made.

The decree of the court below is affirmed.