Lehigh Valley Cooperative Farmers, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Employment Security, Department of Labor and Industry, Respondent.

Argued April 11, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three. Reargued October 7, 1980, before President Judges CRUMLISH and Judges MENCER, ROGERS, MACPHAIL and PALLADINO. Judges BLATT, CRAIG and WILLIAMS, JR. did not participate.

*J. Jackson Eaton, III, Butz, Hudders and Tallman,* for petitioner.

*Mary Ellen Krober,* Deputy Attorney General, with her *Allen C. Warshaw,* Deputy Attorney General, Chief, Civil Litigation, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 25, 1980:

Lehigh Valley Cooperative Farmers (Petitioner) raises only one issue for our review: whether, as an agricultural cooperative subject to the Co-operative Agricultural Association Corporate Net Income Tax Act (Tax Act), Act of May 23, 1945, P.L. 893, *as amended,* 72 P.S. §3420-21 *et seq.,* Petitioner is exempt from the payment of unemployment compensation fund contributions pursuant to Pennsylvania's Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §751 *et seq.*[1] The Bureau of Employment Security (Bureau) held that Petitioner was not exempt from such contributions. For the reasons which follow, we reverse the order of the Bureau and remand this case for further proceedings.

The parties have stipulated to the facts of this case. Petitioner is an agricultural cooperative consisting of approximately 700 members and was formed pursuant to the Act of April 30, 1929, P.L. 885, *as amended,* 15 P.S. §12151.[2] In October, 1977, Petitioner filed with the Bureau a claim for refund of unemployment compensation contributions amounting to $357,733.43 paid between the third quarter of 1973 and the second quarter of 1977. The Bureau denied the claim on May 24, 1979, and Petitioner appealed to this Court.

---

[1] The Bureau of Employment Security, Respondent, raises a second issue for our consideration, that is, if we find Petitioner to be exempt from paying unemployment compensation contributions, whether Petitioner should be denied a refund of past contributions because it failed to meet the prerequisites for such a refund.

[2] The Act of April 30, 1929 was repealed by Section 34(a)(2) of the Cooperative Agricultural Association Act (Cooperative Act), Act of June 12, 1968, P.L. 173, *as amended,* 15 P.S. §12134(a)(2). The subject matter of the Act of April 30, 1929 is now covered in the Cooperative Act, 15 P.S. §12101 *et seq.*

At the time of Petitioner's application for refund, Section 3 of the Tax Act, 72 P.S. §3420-23 read:[3]

> Every association shall be subject to, and shall pay for, the privilege of doing business in this Commonwealth, or having capital or property employed or used in the Commonwealth, by, or in the name of itself, or any other person, partnership or association, a State excise tax at the rate of four per centum (4%) per annum upon each dollar of the net income, *which tax shall be collected in lieu of any other excise tax* including corporate net income tax or property tax. The property shall be free from any county tax excepting tax on real estate. (Emphasis added.)

Statutory provisions creating tax exemptions are subject to strict interpretation and Petitioner here has the burden of proving that it is entitled to the tax exemption it claims. *Fidelity-Philadelphia Trust Co. v. Hines,* 337 Pa. 48, 53, 10 A.2d 553, 555 (1940); *Wayne County Board of Assessment v. Federation of*

---

[3] Section 3 was amended by Section 1 of the Act of July 1, 1978, P.L. 591, and today reads:

Every association shall be subject to, and shall pay for, the privilege of doing business in this Commonwealth, or having capital or property employed or used in the Commonwealth, by, or in the name of itself, or any other person, partnership or association, a State excise tax at the rate of four per centum (4%) per annum upon each dollar of the net income, *which tax shall be collected in lieu of any other excise tax except liquid fuel taxes, fuel use taxes and sales and use taxes on registered motor vehicles but including corporate net income tax or property tax.* Nothing contained herein shall be construed to impose an excise tax upon any subject of taxation when such subject of taxation is specifically exempted under the statute levying the excise tax. The property shall be free from any county tax excepting tax on real estate. (Emphasis added.)

*Jewish Philanthropies,* 43 Pa. Commonwealth Ct. 508, 510-11, 403 A.2d 613, 615 (1979).

Petitioner's argument in support of its claimed tax exemption is easily stated: unemployment compensation contributions constitute excise taxes; agricultural cooperatives are exempt from paying excise taxes;[4] therefore, the cooperative is exempt from making unemployment compensation contributions. The Bureau, in turn, argues that the basic premise of Petitioner's argument, i.e. that unemployment compensation contributions constitute excise taxes, is faulty and, therefore, that the entire syllogism fails.

The Courts of Pennsylvania have long held that payments made to the unemployment compensation fund are excise taxes. *Commonwealth v. Sun Ray Drug Co.,* 360 Pa. 230, 233-34, 61 A.2d 350, 351 (1948); *Department of Labor and Industry v. New Enterprise Rural Electric Cooperative, Inc.,* 352 Pa. 413, 415-16, 43 A.2d 90, 92 (1945); *Fidelity-Philadelphia Trust Co. v. Hines* at 51, 10 A.2d at 555. A similar conclusion has been reached by the United States Supreme Court[5] and by the courts in numerous other jurisdictions.[6]

---

[4] With certain exceptions; *see* footnote 3, *supra.*

[5] *Steward Machine Co. v. Davis,* 301 U.S. 548 (1937); *Carmichael v. Southern Coal & Coke Co.,* 301 U.S. 495 (1937). The Court's opinion in *Steward* at 578-83 contains a detailed discussion of taxation in general and excise taxes in particular.

[6] *See, e.g. Great Lakes Dredge & Dock Co. v. Charlet,* 43 F. Supp. 981 (E.D. La. 1942), *aff'd,* 134 F.2d 213 (5th Cir.), *aff'd sub nom. Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293 (1943); *Beeland Wholesale Co. v. Kaufman,* 234 Ala. 249, 174 So. 516 (1937); *McCain v. Farmers Electric Cooperative Corp.,* 206 Ark. 15, 172 S.W. 2d 933 (1943); *California Employment Commission v. MacGregor,* 64 Cal. App. 2d 691, 149 P.2d 304 (1944); *Employment Security Agency v. Joint Class "A" School District, No. 151,* 88 Idaho 384, 400 P.2d 377 (1965); *Benner-Coryell Lumber Co. v. Indiana Unemployment Compensation Board,* 218 Ind. 20, 29 N.E. 2d 776

18

Despite the overwhelming authority in support of that conclusion, the Bureau asserts that it is incorrect. Taxes, the Bureau argues, are levied for the purpose of generating revenue. Because unemployment compensation contributions are not collected for the purpose of generating general state revenue but rather for the purpose of providing financial assistance to those who lose their employment through no fault of their own, the contributions cannot be considered an excise tax.[7] The Bureau, in support of its contention, cites our Supreme Court's decision in *Commonwealth v. Perkins,* 342 Pa. 529, 21 A.2d 45 (1941), *aff'd per curiam,* 314 U.S. 586 (1942). While it is true that the opinion of the Court of Common Pleas, on which the Supreme Court based its opinion, distinguished between general appropriations and appropriations from the Pennsylvania Unemployment Compensation Fund, it clearly treated the Law as a taxing statute and did not indicate that it was not an excise tax merely because the funds it generated did not flow through the general state treasury. We also note that the Court in *Perkins* relied on the decision in *Fidelity-Philadelphia Trust Co. v. Hines* which clearly held the unemployment compensation assessment to be an excise tax.

---

(1940), *cert. denied,* 312 U.S. 698 (1941) ; *Standard Properties, Inc. v. Employment Security Board of Maryland,* 201 Md. 1, 92 A.2d 459 (1952) ; *Texas Co. v. Wheeless,* 185 Miss. 799, 187 So. 880 (1939) ; *Henry v. Manzella,* 356 Mo. 305, 201 S.W. 2d 457 (1947) ; *Freidman v. American Surety Co. of New York,* 137 Tex. 149, 151 S.W. 2d 570 (1941) ; *Bates v. McLeod,* 11 Wash. 2d 648, 120 P.2d 472 (1941) ; *State v. Continental Casualty Co.,* 130 W. Va. 147, 42 S.E. 2d 820 (1947) ; *Unemployment Compensation Commission v. Renner,* 59 Wyo. 437, 143 P.2d 181 (1943).

[7] The Bureau concedes in its brief that unemployment compensation assessments constitute taxes; it makes no attempt to categorize the tax, however, beyond asserting that it is not an excise tax.

We find the Bureau's argument to be much too narrow and we think it is well answered by the language of the Court in *Department of Labor and Industry v. New Enterprise Rural Electric Cooperative, Inc.*, 55 Dauphin 345, 348 (1944), *aff'd*, 352 Pa. 413, 43 A.2d 90:

That the contributions do not constitute state funds within the contemplation of Section 18 [now Section 29], Article III, of the Constitution (See Commonwealth vs. Perkins, 342 Pa. 529, supra.) does not prevent such contributions from being state taxes. While the funds do not become a part of the general fund of the Commonwealth so as to be subject to appropriation other than as prescribed by the act, they are funds raised by the Commonwealth for a public purpose through the exercise of the police power. . . . The tax is not a general tax, the proceeds of which are to be appropriated for any public purpose which the legislature thereafter may select, but it is a tax expressly levied for a specified purpose, and nonetheless a tax: Carmichael vs. So. Coal and Coke Company, 301 U.S. 495, 530.

We hold that unemployment compensation contributions constitute an excise tax.

Based upon our holding, it is clear from the face of Section 3 of the Tax Act that Petitioner is exempt from paying such contributions. The words of the statute—"which tax shall be collected in lieu of any other excise tax"—are clear and unambiguous and there is no reason to apply rules of statutory construction in interpreting the Tax Act, as the Bureau suggests we do. *Pennsylvania Labor Relations Board v. Teamsters Union Local No. 77*, 20 Pa. Commonwealth Ct. 410, 412, 342 A.2d 158, 159 (1975); Section

1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). We will, however, address the other arguments raised by the Bureau.

The Bureau first argues that because the purpose of the Tax Act was to raise revenue, exemptions set forth therein would apply only to revenue raising taxes. Since the unemployment compensation contributions are not intended to raise general revenues, the argument continues, the exemption does not apply to them. We have already addressed this issue in terms of the excise tax in general and we need say nothing more except that merely because unemployment compensation contributions do not flow through the general treasury does not mean that they are precluded from being revenue raising measures or legitimate exemptions under Section 3.

The Bureau next argues that if we construe the Tax Act, enacted in 1945, so as to exempt Petitioner from unemployment compensation assessments, we will be effecting an implied repealer of the Law, enacted in 1936. The Bureau cites no authority to support its assertion and we have found none. We note that a situation similar to that here existed in *Department of Labor and Industry v. New Enterprise Rural Electric Cooperative, Inc.*, a case in which the Court exempted electric cooperatives from paying unemployment compensation funds. The statute in question in that case[8] also was enacted subsequent to the Law, yet the Court said nothing concerning implied repealer. Furthermore, we note that Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C.S.

---

[8] Section 31 of the Electric Cooperative Corporation Act, Act of June 21, 1937, P.L. 1969, *as amended*, 15 P.S. §12431. At the time of the decision in *Department of Labor and Industry v. New Enterprise Rural Electric Cooperative, Inc.*, Section 31 was found at 14 P.S. §281.

§1933, provides that where a general provision of one statute conflicts with a special provision of another statute and the two cannot be construed so that both may be effective, the special provision shall prevail. Clearly, the Section 3 exemption is a special provision and prevails over the general provisions of the Law. There is no implied repealer involved in this case.

The Bureau next argues that the Supreme Court's opinion in *Department of Labor and Industry v. New Enterprise Rural Electric Cooperative, Inc.* concerned a tax exemption much broader in scope[9] than the one at issue here and, therefore, is not controlling. Although it is not controlling, we do find the Court's decision in *New Enterprise* to be persuasive. We also find persuasive the decisions of this Court in *Lehigh Valley Cooperative Farmers v. Commonwealth*, 8 Pa. Commonwealth Ct. 18, 305 A.2d 908 (1973) and of the Court of Common Pleas of Allegheny County in *Eastern Order Buying Co. Appeals*, 26 Pa. D. & C. 2d 193 (1961). In each, the Court spoke about the special circumstances surrounding an agricultural cooperative and about the reasons for a tax exemption.

In *Lehigh Valley*, where we held that the cooperative was exempt from paying a sales tax, we said:

> We have no reservations that the Legislature has placed agricultural cooperatives in a more advantageous position than other corporate organizations of a similar nature, because the Legislature patently intended to encourage the raising, producing, and marketing of agricultural products in this Commonwealth.

---

[9] The relevant language in Section 31 of the Electric Cooperative Corporation Act exempted such cooperatives from "all other State taxes of whatsoever kind or nature."

*Lehigh Valley Cooperative Farmers v. Commonwealth* at 25, 305 A.2d at 911. In *Eastern Order,* in exempting a cooperative from paying a mercantile tax, the Court said:

> The body of the act is more specific than the title in that it [Section 3 of the Tax Act] designates the tax to be paid as an excise tax and applies the exemption to any other excise tax but it is no less clear that the legislature intended to limit the tax on cooperative associations to this tax. *The reason for this exemption is clear as the farmer and agricultural producer has always been favored in our taxing policies out of the need to insure unfettered development of agriculture and the sensitive position of the farmer in our economy.*

*Eastern Order Buying Co. Appeals* at 200-01. We find the reasoning employed in *Lehigh Valley* and *Eastern Order* still persuasive and perhaps now more important than ever given the state of the economy and its harsh effect on agriculture.

We also find the case before us to be analogous to *Southeastern Pennsylvania Transportation Authority v. Commonwealth,* 41 Pa. Commonwealth Ct. 218, 398 A.2d 770 (1979). There, we held the Authority exempt from the payment of workmen's compensation contributions on the basis of Section 39(a) of the Metropolitan Transportation Authorities Act of 1963, Act of August 14, 1963, P.L. 984, *as amended,* 66 P.S. §2039(a). The tax exemption language relevant in that case—"[the authority] shall not be required to pay any property taxes or assessments, of any kind or nature whatsoever, now in existence or to be enacted in the future"—is similar in breadth and effect to the language relevant here—"which tax shall be collected in lieu of any other excise tax including cor-

porate net income tax or property tax.'' The results likewise should be the same.

The Bureau has argued that the result of our holding today is highly inequitable because while cooperatives will no longer be required to make payments to the unemployment compensation fund, cooperative employees will be able to draw unemployment compensation benefits. That issue is not before us and we need not decide whether the Bureau's assertion is accurate. We note, however, that if the Bureau is correct the problem is not one for the Courts, but for the legislature. The legislature recently amended Section 3 to exclude liquid fuel taxes, fuel use taxes, and sales and use taxes on registered motor vehicles from the excise tax exemption. The legislature may do the same with unemployment compensation contributions if it so chooses.

Because we have decided that Petitioner is exempt from paying unemployment compensation contributions, we must now address the Bureau's contention that Petitioner is not eligible for the refund it seeks because it did not follow the proper procedure in seeking the refund.[10]  We agree with the Bureau.

Section 301(e)(2) of the Law, 43 P.S. §781(e)(2), provides that

> The department shall promptly notify each employer of his rate of contribution for the calendar year determined as provided in this

---

[10] The Bureau has not waived its right to raise this issue. It did not discuss the procedural flaws in Petitioner's application for refund when it denied the refund. It had no reason to discuss the issue, however, because it refused Petitioner's application on a separate ground, i.e., that Petitioner was not exempt from paying the unemployment compensation contributions. This appeal presented the Bureau with the first opportunity following its own decision to raise the procedural issue. It did so and we find that it effectively preserved its right to raise the issue here.

section and section three hundred one point one (301.1) of this act. *The determination of the department of the employer's rate of contribution shall become conclusive and binding upon the employer, unless within ninety (90) days after the mailing of notice thereof to the employer's last known post office address the employer files an application for review, setting forth his reasons therefor: . . . .* (Emphasis added.)

Section 311 of the Law, 43 P.S. §791, provides that:

If any individual or organization shall make application for refund or credit of any amount paid as contribution, interest or penalties, under this act, and the department shall determine that such amount, or any portion thereof, was erroneously collected, the department may at its discretion either allow a credit therefor, without interest, in connection with subsequent contribution payments or shall refund from the Unemployment Compensation Fund, without interest, the amount erroneously paid: . . . .

An amount paid as contribution, interest or penalties shall not be deemed to have been erroneously collected within the meaning of this section if such amount was collected under and pursuant to a notice of contribution rate or a notice of assessment which, because of the applicant's failure to file a timely appeal therefrom, shall have become binding and final against the applicant under the provisions of this act.

In *Daystrom, Inc. v. Batt,* 390 Pa. 586, 136 A.2d 116 (1957), our Supreme Court affirmed the decision of the Court of Common Pleas of Dauphin County on the basis of the latter court's opinion, 10 Pa. D. & C.

2d 39, and interpreted Sections 301(e)(2) and 311 literally. As the Common Pleas Court there stated at 42, "[A] rate once set, though in error, is binding unless redressed within the times and in the manner stated." The Court went on to find that the time limits established in Sections 301(e)(2) and 311 are designed as statutes of repose and exist to bar claims of "ancient vintage" as to rate or refund.

Here, Petitioner on October 5, 1977 applied for a refund for unemployment compensation contributions made between 1973 and 1977. This was the first such refund request Petitioner had filed and, by virtue of the clear wording of Sections 301(e)(2) and 311, was ineffective except for a period commencing July 5, 1977 and thereafter. Petitioner, therefore, is not entitled to a refund for any contributions made prior to July 5, 1977. Petitioner may be entitled to a refund for contributions made, if any, subsequent to that date.

Accordingly, the order of the Bureau denying Petitioner an exemption from paying unemployment compensation contributions is reversed and this case is remanded for a determination of whether any refund is due Petitioner.

### ORDER

AND Now, this 25th day of November, 1980, the Order of the Bureau of Employment Security, Department of Labor and Industry, dated May 24, 1979, is reversed and the above-captioned matter is remanded for proceedings not inconsistent with this opinion.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

Although I did not sit with the Court en banc when this case was reargued, I was a member of the panel

that heard the original argument and, therefore, with the approval of my colleagues, consider myself in a position to file a respectful but firm dissent. The majority holds that the petitioner's exemption from paying the unemployment compensation contributions is so clear and unambiguous that there is no reason to apply rules of statutory construction. This despite the fact that paragraph 3 of the Statement of the Case (stipulation of facts) states that petitioner paid contributions of $357,733.42 from the 3rd and 4th quarters of 1973 through the 1st and 2nd quarters of 1977 because "it believed it was obligated to pay by law." Further, "Accordingly, the Cooperative did not object to the payments at the time they were made to the Bureau [of Employment Security]." Far from being clear and unambiguous, I believe this is the typical case for the application of the statutory construction principle that the long and well established administrative interpretations of legislation should be given great weight by courts. *Krivosh v. City of Sharon*, 205 Pa. Superior Ct. 498, 211 A.2d 109 (1965).

The majority accepts petitioner's position that *Department of Labor and Industry v. New Enterprise Rural Electric Cooperative, Inc.*, 352 Pa. 413, 43 A.2d 90 (1945) is controlling. I do not. First, this case long preceded the many years petitioner and respondent interpreted this legislation otherwise. Next, and it would seem most importantly, the exemption in *New Enterprise, id.*, was "from all other State taxes of whatsoever kind or nature."

It seems clear to me that these unemployment contributions can be considered excise taxes for some purposes and not for others. Even in the Statement of the Case the parties refer to the "variable tax rate, called the *contribution rate,* to a portion of the Cooperative's total wages, called *taxable wages.*" (Em-

phasis supplied.)[1]  It seems strange to me that the legislature would levy an excise tax in its traditional sense based on what it called a contribution rate.

While it is true that this case does not present this Court squarely with the question of whether the employees of petitioner are eligible or ineligible for unemployment compensation benefits, the majority takes the position that this does not matter.  To me it would matter very much if the employees are eligible for benefits and the employer is exempt from contributions.  Such a unique result would require legislative intent.  This would be another important distinction from *New Enterprise, id.,* where the Court stated the exemption from the act applied to the employees as well as the employer.

-----

[1] The parties stipulated that "neither party shall be prejudiced by the use of the terms 'tax' or 'contribution' in this Stipulation." It is not controlling that these words are used in the Stipulation—it is the language of the statute that is controlling.