447 A.2d 948

LEHIGH VALLEY COOPERATIVE FARMERS, Appellees,

v.

COMMONWEALTH of Pennsylvania, BUREAU OF
EMPLOYMENT SECURITY DEPARTMENT OF
LABOR AND INDUSTRY, Appellant.

LEHIGH VALLEY COOPERATIVE FARMERS, Appellants,

v.

COMMONWEALTH of Pennsylvania, BUREAU OF
EMPLOYMENT SECURITY, DEPARTMENT OF
LABOR AND INDUSTRY, Appellee.

Supreme Court of Pennsylvania.

Argued May 17, 1982.

Decided June 30, 1982.

Mary Ellen Krober, Allen C. Warshaw, Deputy Attys. Gen., Harrisburg, for Com. of Pa.

J. Jackson Eaton, III, Allentown, for Lehigh Valley Co-op. Farmers.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

LARSEN, Justice.

The sole issue in this case is whether cooperative agricultural associations are exempt from paying unemployment compensation taxes. During the four-year period from the third quarter of 1973 to the second quarter of 1977, Lehigh Valley Cooperative Farms [hereinafter "Lehigh Valley"], a cooperative agricultural association, paid unemployment

compensation taxes totaling $357,733.42. At that time, Lehigh Valley believed that it was legally obligated to pay those taxes. In 1977, Lehigh Valley applied for a refund but the Bureau of Employment Security [hereinafter "Bureau"] denied the request. Lehigh Valley appealed and the Commonwealth Court determined that Lehigh Valley was entitled to a refund.[1] The Court, however, limited the refund to taxes paid within ninety days of the refund application. *See Lehigh Valley Cooperative Farmers v. Commonwealth of Pennsylvania, Bureau of Employment Security*, 55 Pa. Commw.Ct. 13, 423 A.2d 18 (1980). The Bureau then petitioned for allowance of appeal. Lehigh Valley also petitioned for allowance of appeal, claiming a refund for the entire four year period. We granted both parties' petitions. We find that Lehigh Valley is not exempt from paying unemployment compensation taxes, and hence not entitled to a refund, for any period.[2] We therefore reverse.

The Cooperative Agricultural Association Net Income Tax Act, Act of May 23, 1945, P.L. 893, § 3, 72 P.S. § 3420–23 (Supp.1982–83) [hereinafter "Cooperative Tax Act"], provides:

> Every [cooperative agricultural] association shall be subject to, and shall pay for, the privilege of doing business in this Commonwealth, or having capital or property employed or used in the Commonwealth ... a state excise tax at the rate of four per centum (4%) per annum upon each dollar of net income, which tax shall be collected *in lieu of any other excise tax* including corporate net income tax or property tax.... (Emphasis added)

Lehigh Valley argues that since both this Court and the Supreme Court of the United States have stated that an employer's contributions to an unemployment compensation

---

1. Justice Wilkinson, then sitting on the Commonwealth Court, dissented.

2. For this reason, it is unnecessary for us to determine whether the appropriate refund period is ninety days or four years. Accordingly, Lehigh Valley's cross appeal at No. 81–2–263 is dismissed as moot.

fund are *excise taxes* on the right to employ,[3] and because it pays the income tax provided by the Cooperative Tax Act, it is exempt from paying unemployment compensation tax ("any other excise tax"). The Commonwealth Court was pursuaded by Lehigh Valley's argument and concluded that the Cooperative Tax Act was "clear and free from all ambiguity" and that it was unnecessary to apply rules of statutory construction in this case. *See* 1 Pa.C.S.A. § 1921(b) (words of a statute free from ambiguity are not to be disregarded).

This argument is flawed in two respects. First, the proposition that unemployment compensation taxes are *excise* taxes is not controlling in this case because that finding was not required to decide the issue in any of the United States or Pennsylvania cases cited by Lehigh Valley. *See In Re Pew's Trust Estate*, 411 Pa. 96, 191 A.2d 399 (1963). The only essential proposition in those cases was that unemployment compensation contributions are *taxes*.[4] Prior to this

**3.** *See Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937); *Chas. C. Steward Machine Co. v. Davis*, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937); *Fidelity-Philadelphia Trust Co. v. Hines*, 337 Pa. 48, 10 A.2d 553 (1940); *Department of Labor and Industry v. New Enterprise Rural Electric Co-op, Inc.*, 352 Pa. 413, 43 A.2d 90 (1945); *Commonwealth v. Sun Ray Drug Co.*, 360 Pa. 230, 61 A.2d 350 (1948).

**4.** For instance, in *Carmichael v. Southern Coal & Coke Co., supra* 301 U.S. at 508–09, 57 S.Ct. at 872, the Court expressly stated that the denomination "excise" was irrelevant (the issue was whether the states had the power to impose unemployment compensation *taxes*). Similarly, in *Chas. C. Steward Machine Co. v. Davis, supra* 301 U.S. at 582, 57 S.Ct. at 888, the Court explained that "whether the tax is to be classified as an 'excise' is not in truth of critical importance" (the issue was whether the federal government had the power to levy unemployment compensation *taxes*). Characterization of unemployment compensation contributions as "excise" taxes is likewise not essential to deciding the issue in any of the cited Pennsylvania cases either. *See Fidelity-Philadelphia Trust Co. v. Hines, supra* (state bank which is member of federal reserve system is not "instrumentality of the United States", and is not exempt from state *taxation*); *Department of Labor & Industry v. New Enterprise Rural Electric Coop. Inc., supra* (statute exempting electric cooperative from "all other state *taxes* of whatsoever kind or nature" was applicable to unemployment compensation taxes); *Commonwealth v. Sun Ray Drug Co., supra* (issue was adjustment of employer's contribution rate).

case, the issue of whether unemployment compensation taxes are *excise* taxes has never been squarely presented to either Court.

Second, it is necessary to apply rules of statutory construction simply because unemployment compensation taxes are not explicitly mentioned in the Cooperative Tax Act. It is interesting to note that the Act is sufficiently ambiguous in this regard to have prompted Lehigh Valley to pay unemployment compensation taxes for four years or longer, believing that it was legally obligated to do so. Moreover, the argument that unemployment compensation taxes are excise taxes is derived from case law, not from a straightforward application of any statute.

A required rule of statutory construction provides that a statute exempting persons or property from taxation must be strictly construed. *See Commonwealth v. Rohm and Haas Company*, 28 Pa.Commw. 430, 368 A.2d 909 (1977); 1 Pa.C.S.A. § 1928(b)(5). Consistent with this rule, a taxpayer has the burden of proving that he is entitled to an exemption from taxation. *See Fidelity-Philadelphia Trust Co. v. Hines, supra.* Lehigh Valley has failed to sustain its burden of showing that the legislature intended to exempt agricultural cooperatives from unemployment compensation taxes.

The legislature clearly had taxes other than unemployment compensation taxes in mind when it enacted the Cooperative Tax Act. In the original Act and subsequent amendment, the legislature specifically mentioned certain "excise" taxes, i.e. "income," "property," and "use" taxes.[5] Generally, such taxes are imposed without regard to a taxpayer's unique circumstances. By contrast, unemployment compensation contributions are based in part on an employer's individual experience rating, i.e. unemployment compensa-

5.  The Cooperative Tax Act explicitly exempted agricultural cooperatives from "corporate net income tax" and "property tax". In 1978, the Act was amended to exclude "liquid fuel tax", "fuel use tax", and "sales and use taxes on registered motor vehicles" from the exemption provision. *See* Act of July 1, 1978, P.L. 591, No. 112, § I, 72 P.S. § 3420–23, as amended. (Supp.1982–83).

tion benefits actually paid to employees laid off *by that particular employer.* (The fewer the layoffs, the lower the tax.)[6] Then Judge Wilkinson recognized this difference in his dissenting opinion below, and found it strange that the legislature would contemplate "an excise tax in its traditional sense based on what is called a contribution rate". *See Lehigh Valley v. Bureau, supra* 55 Pa.Commw.Ct. at 27, 423 A.2d at 24 (Wilkinson, J., dissenting).

■■■■■ Another required rule of statutory construction provides that in ascertaining legislative intent, the practical results of a particular interpretation may be considered. *See Commonwealth, Department of Transportation Bureau of Traffic Safety v. Von Altimus,* 49 Commw.Ct. 245, 410 A.2d 1303; 1 Pa.C.S.A. § 1921(c)(6). Also, the legislature cannot be presumed to intend an absurd or unreasonable result to follow from its enactments. *See Valley Forge Industries, Inc. v. Armand Construction, Inc.,* 38 Commw.Ct. 603, 394 A.2d 677 (1978); 1 Pa.C.S.A. § 1922(1). In his dissent below, Judge Wilkinson stated that a possible consequence of the Commonwealth Court's interpretation of the Cooperative Tax Act would be to excuse Lehigh Valley from making contributions to the unemployment compensation fund while Lehigh Valley's employees would still be entitled to unemployment compensation benefits.[7] The Commonwealth Court dismissed this anomalous situation as "not one for the Courts, but for the legislature". *See Lehigh Valley v. Bureau, supra* 55 Pa.Commw.Ct. at 23, 423 A.2d at 22. The Commonwealth Court's conclusion is unwarranted; the problem was not created by the legislature but by the Commonwealth Court's own interpretation of the Cooperative Tax Act.

Finally, Lehigh Valley claims that its argument is supported by a legislative policy which grants an economically

**6.** *See* Sections 301 and 301.1 of the Unemployment Compensation Act, 43 P.S. §§ 781, 781.1, as amended (Supp.1982–83).

**7.** In fact, during the four-year period at issue in this case, unemployment compensation benefits paid to former employees of Lehigh Valley totaled $471,665.

"advantageous position" to agricultural cooperatives. *See Lehigh Valley Cooperative Farms v. Commonwealth of Pennsylvania*, 8 Commw.Ct. 18, 25, 305 A.2d 908, 911 (1972); *Eastern Order Buying Company Appeals*, 109 P.L.J. 343, 26 D. & C.2d 183 (Allegheny County, 1963). However, such general statements of policy are irrelevant to the conclusion which we have reached after a careful examination of the statute itself.

█ We conclude that unemployment compensation taxes are not "excise" taxes within the meaning of the Cooperative Tax Act. Consequently, the order of the Commonwealth Court is reversed and the order of the Bureau of Employment Security, which denied Lehigh Valley's refund claim, is reinstated.

NIX, J., concurred in the result.