Gulf & Western Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Employer Accounts Review Board, Respondent.

494

Argued March 1, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and DOYLE.

*Frank Louis Cecchetti, Yarsky & Cecchetti,* for petitioner.

*Sean F. Creegan,* Assistant Chief Counsel, with him *Robert E. Chernicoff,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 26, 1983:

This matter is before us on a Petition for Review of an order of the Employer Accounts Review Board (Board) of the Department of Labor and Industry, which upheld a revised contribution rate assigned to

the account of Gulf and Western Corporation (Gulf & Western). We affirm the order of the Board.

Gulf & Western is an employer in the Commonwealth subject to the provisions of the Pennsylvania Unemployment Compensation Law (Act).[1] In April of 1978, Gulf & Western applied, pursuant to Section 302 of the Act, 43 P.S. §782(c),[2] and subject to the provisions of Section 301.1, 43 P.S. §781.1(f),[3] to have its debit reserve balance adjusted to zero as of June 30, 1977. The application was approved and Gulf & Western's contribution rate was set at the 4.0% maximum for the years 1978, 1979 and 1980, in accordance with Section 301.1.[4] On July 10, 1980, the Legislature enacted amendments to the Unemployment Compensation Law[5] raising the maximum contribution rate, retroactively effective to January 1, 1980. Gulf & Western's contribution rate for 1980 was thereafter revised upward to 5.65% in accordance with the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-914.

[2] Section 302 at that time provided, in pertinent part:

If, as of the computation date, the amounts charged to his reserve account are found to be greater than the amounts credited, the employer may elect, subject to the provisions of section 301.1(f) of this act to have his reserve account balance adjuste1 to zero.

[3] Section 301.1(f) at that time provided, in pertinent part:

An employer whose reserve account balance is adjusted to zero in accordance with the provisions of section 302(c) of this act [43 P.S. §782(c)] shall not be eligible for a reduced rate of contributions under the provisions of this act for the three consecutive calendar years following the computation date with respect to which the application for adjustment was made and shall pay contributions at the rate of four per centum for each of such three calendar years.

[4] *See* note 3 *supra*.

[5] Act of July 10, 1980, P.L. 521.

amendments. The company sought review and redetermination in proceedings before the Board which resulted in the order appealed here.

First, Gulf & Western urges that since the amendment to Section 301.1(f) of the Act provides a higher 1980 contribution rate for employers who elected to have their reserve balance adjusted *after* January 1, 1980, and Gulf & Western's election was made in 1978, its 1980 contribution rate should remain at 4.0%. The Board, in its opinion points out that Section 301.1(f.1) not Section 301.1(f) governs and authorizes the recalculation of Gulf & Western's 1980 contribution rate. The Board is quite correct. Section 301.1(f.1) provides:

Notwithstanding any other provisions of this act, employers who elected to have their negative reserve account balance adjusted for taxable years 1978, 1979 or 1980 will be liable for contributions at the maximum rate specified in Section 301.1 and as determined under Section 301.2 and 301.3.

43 P.S. §781.1(f.1). Gulf & Western falls squarely within the provisions of Section 301.1(f.1).

Next, Gulf & Western argues that the Board is estopped to alter the contribution rate for 1980. Gulf & Western urges that when the Board accepted and approved the company's application to adjust its reserve account balance to zero in 1978, a contract or quasi-contractual relationship arose between Gulf & Western and the Board, obligating Gulf & Western to pay and the Board to accept contribution for the next three years at the then maximum rate of 4.0% The argument is imaginative but is without merit. Contributions by employers for unemployment compensation are taxes. *See Lehigh Valley Cooperative Farmers v. Bureau of Employment Security, Department*

*of Labor and Industry,* 498 Pa. 521, 447 A.2d 948 (1982). The application for and subsequent adjustment of the reserve account balance was a statutory procedure followed to alter Gulf & Western's existing tax obligation. As a statutory procedure, the company's election was subject to the reservation in Section 901 of the Act which provides:

> The General Assembly reserves the right to amend or repeal all or any part of this act at any time, and there shall be no vested right of any kind against such amendment or repeal. All the rights, privileges, or immunities conferred by this act, or by acts done pursuant thereto, shall exist subject to the power of the General Assembly to amend or repeal this act at any time.

43 P.S. §881. Even if we were to hold that a contract or quasi-contractual relationship arose on the approval of an election under Section 302, which we expressly do not, any obligations which might have arisen would have been subject to the legislature's power to amend.

Finally, Gulf & Western argues that the retroactive application of Section 301.1(f.1) is unconstitutional as a violation of due process, an unlawful impairment of contracts, and an abuse of legislative power. As we have already determined that Gulf & Western's 1978 election to adjust its reserve account balance to zero, as provided by statute, gave rise to no contract or quasi-contractual rights, the retroactive application clearly impairs no contract and is not unconstitutional on such grounds. For the remaining two constitutional arguments, Gulf & Western relies on *Commonwealth v. Budd Co.*, 379 Pa. 159, 108 A.2d 563 (1954) *appeal dismissed,* 349 U.S. 935 (1955).

In *Budd,* a plurality of the Supreme Court[6] held that a tax imposed by the legislature is not unconstitutional per se merely because it has a retroactive application. Following federal case law,[7] the Court held "that a tax may not be retroactively applied beyond the year of the general legislative session *immediately preceding that of its enactment;* to provide otherwise constitutes a denial of due process." *Id.* at 172, 108 A.2d at 569 (emphasis by the Court). Gulf & Western argues that the 1980 amendments to the Act are retroactive beyond the limits allowed under *Budd* because Section 301.1(f.1) effectively negated the 1978 election. We disagree. The enactment of Section 301.1(f.1) left the 1978 adjustment of Gulf & Western's reserve balance to zero in place; all that was altered by the amendments was Gulf & Western's 1980 contribution rate.[8] The retroactivity of Section 301.1(f.1) is within the limitation imposed by *Budd* and we find no denial of due process or abuse of legislative discretion in the application of the section to Gulf & Western's account.

## ORDER

Now, May 26, 1983, the order of the Department of Labor and Industry, Employer Accounts Review Board in the above referenced matter, dated April 23, 1981 is hereby affirmed.

---

6 Justice BELL authored the opinion of the Court and was joined by STEARNE and MUSMANNO,JJ. STEARN, C.J. and ARNOLD, J. concurred in the result. Justice JONES dissented and CHIDSEY, J. took no part in the decision.

7 The Court cited *Welch v. Henry,* 305 U.S. 134 (1938).

8 We note that "an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date. . . ." *Creighan v. City of Pittsburgh,* 389 Pa. 569, 575, 132 A.2d 867, 871 (1957).