Curtis Bay Towing Company of Pennsylvania et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Respondent.

Argued December 10, 1984, before Judges ROGERS, COLINS and Senior Judge KALISH, sitting as a panel of three.

*Thomas E. Seus, Kelly, Harrington, McLaughlin & Foster,* for petitioners.

*Francine Ostrovsky,* Assistant Chief Counsel, with her, *Herbert W. Hoffman,* Deputy Chief Counsel, and *Charles Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 25, 1985:

This case presents the question of whether a recently enacted amendment to the Pennsylvania Unemploy-

ment Compensation Law (Law) requiring employers to withhold contributions from employees' wages is preempted by a provision of the federal Shipping Commissioners Act, 46 U.S.C. §601, recodified as 46 U.S.C. §11108, which proscribes wage withholding from seamen for the purposes of state or local taxes.[1] The history of this action began in November, 1983, when the Pennsylvania Department of Labor notified the petitioners that, effective January 1, 1984, they were required under Section 301.4 of the Law to withdraw 0.1% of each employee's gross wages as a contribution to the state unemployment fund. On December 1, 1983, the petitioners, tugboat owners and operators of the Port of Philadelphia, filed suit in this

---

[1] Section 301.4 of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §781.4, added by Section 12 of the Act of July 21, 1983, P.L. 68 provides:

(a) Nothwithstanding any other provision of this act, for calendar year 1984 and every calendar year thereafter each employe shall contribute to the Unemployment Compensation Fund one-tenth of one per centum (0.1%) of all wages paid for "employment" as defined by the act without regard to the limitation specified in section 4(x)(1) of this act.

(b) Each employer subject to this act shall be responsible for withholding and shall withhold, in trust, such contributions from the wages of his employes at the time such wages are paid, and shall report and transmit such deductions to the department for deposit into the Unemployment Compensation Fund, in accordance with rules and procedures established by the department.

(c) Any employer who is an individual, or any officer or agent of any employer, who violates the trust provision of this section, fails to withhold from the wages of his employes in accordance with the rules and procedure established by the department shall be subject to the provisions of clause (2) of subsection (a) of section 302 and sections 308, 308.1, 308.2, 308.3 and 309 of this act. (Footnotes omitted.)

court seeking declaratory and injunctive relief from the wage withholding obligations of Section 301.4. We treat the declaratory judgment action, as a petition for review addressed to our original jurisdiction. The respondent, the Pennsylvania Department of Labor and Industry, has filed preliminary objections in the nature of demurrers with which we will now dispose.

The respondent's demurrers "go to the legal merits of the original jurisdiction action. . . ." *Allegheny Ludlum Steel Corporation v. Pennsylvania Public Utility Commission*, 67 Pa. Commonwealth Ct. 400, 411, 447 A.2d 675, 680 (1982). We will, thus, review the issues raised by the respondent concerning the construction of the governing federal statutes and their possible preemption of Section 301.4 of the Law.

Critical to this inquiry are two federal statutes. The first, the Shipping Commissioners Act, 46 U.S.C. §11108, formerly 46 U.S.C. §601, provides:

Taxes

Wages due or accruing to a master or seaman on a vessel in the foreign, coastwise, intercoastal, interstate, or noncontiguous trade or a fisherman employed on a fishing vessel may not be withheld under the tax laws of a State or a political subdivision of a State. However, this section does not prohibit withholding wages of a seaman on a vessel in the coastwise trade between ports in the same State if the withholding is under a voluntary agreement between the seaman and the employer of the seaman.

The second, the Federal Unemployment Tax Act (FUTA), 26 U.S.C. §3305(f), authorizes a state to require vessel operators and the vessel's crew to "make contributions to its unemployment fund under its State unemployment compensation law . . . and otherwise to comply with its unemployment compensation law. . . ."

Although these statutes appear at cursory examination to be in conflict, seemingly requiring a holding that the one later enacted repeals the earlier, we observe that there is a maxim that repeals by implication are not favored. *Morton v. Mancari*, 417 U.S. 535 (1974). It is our duty, thus, to look beyond the words of both statutes, and to examine the circumstances of their enactment to attempt to provide full effect to both. *Watt v. Alaska*, 451 U.S. 259 (1981).

We begin with the Shipping Commissioners Act, 46 U.S.C. §601, recodified as 46 U.S.C. §11108. 46 U.S.C. §601 originally provided that wages must be paid to a seaman in full notwithstanding any previous assignment, attachment, encumbrance, or arrestment on the wages. This section was enacted as part of the Shipping Commissioners Act of 1872. 17 Stat. 262, 276.

In 1959, Congress amended 46 U.S.C. §601, in what the Senate report on the amendment terms an attempt to

clarify the apparent conflict between Section 601 . . . and the recently enacted provisions of State law which require withholding of local taxes from the wages of seamen.

. . . .

The important maritime states of New York and Massachusetts have recently enacted withholding provisions in their income tax laws that would affect seamen's wages. It is likely that other states will do the same. As a result of the conflict between the Federal law and the State provisions, the shipowners are faced with a staggering potential legal and financial liability if they do not withhold as apparently directed by Title 46, United States Code, Section 601, or if they do withhold as apparently required under state tax laws.

S. Rep. No. 433, 86th Cong., 1st Sess., *reprinted in* [1959] U.S. Code Cong. & Ad. News 2530, 2531.

Although the petitioners concede that the 1959 legislative history of Section 601 solely discusses relief from state and local income taxes, the petitioners nonetheless urge this court to read Section 601 as a whole to preclude withholding from a seaman's wages any contribution to a state unemployment compensation fund. Because the judiciary is without the proper authority to provide a statute with a more expansive meaning than a legislature intended, we decline to follow the petitioners' suggestion. Subsequent amendments to Section 601 support our reading of the statute.

In 1982, Congress added a proviso to Section 601, providing that "a seaman or fisherman employed in the coastwise trade between ports of the same state may enter a voluntary agreement with employers for withholding from wages of amounts as state income taxes." P.L. 97-362, 96 Stat. 1731 (1982). H. Conf. Rep. No. 929, 97th Cong., 2nd Sess., *reprinted in* [1982] U.S. Code Cong. & Ad. News 3301, 3333. The House conference report on this amendment is entitled, "Withholding of State income tax from seamen's wages on a voluntary basis." In its discussion of the then present law, the House concluded that under Section 601, "withholding of State income taxes from the wages of seamen or fishermen is prohibited by Federal law." No mention was made of other forms of revenue raising.

In 1983, the Committee on Merchant Marine and Fisheries consolidated all laws relating to vessels and seamen under "shipping" of Title 46 of the United States Code. Section 601 was recodified as 46 U.S.C. §11108 (relating to taxes) and §11109 (relating to attachment of wages), without any substantive changes.

We thus hold that the present statute, 46 U.S.C. §11108, must be construed as providing seamen relief from state and local income taxes, and that it does not preempt the state's prerogative to use withholding as a means of administering unemployment compensation contributions.[2] In so holding, we adopt the reasoning of *Henderson v. Sea-Land Service, Inc.*, 192 N. J. Super. 1, 468 A.2d 1064 (1983), a case involving the construction of 26 U.S.C. §3305(f) of FUTA and Section 601 of the Shipping Commissioner's Act in light of a New Jersey statute which requires owners and operators of vessels to withhold unemployment compensation contributions from the wages of seamen.

We also note that the Pennsylvania Supreme Court has recognized that unemployment compensation contributions constitute a tax. *Lehigh Valley Cooperative Farmers v. Bureau of Enmployment Security,* 498 Pa. 521, 447 A.2d 948 (1982). We simply find that the word "tax" for the purposes of 46 U.S.C. §11108 does not encompass unemployment compensation withholdings.

A review of the second federal statute in question, the Federal Unemployment Tax Act (FUTA), 26 U.S.C. §3305(f), supports our holding. 26 U.S.C. §3305(f) expressly permits states to require seamen and ship operators to contribute to a state's unemployment compensation fund and otherwise to comply with the unemployment compensation law. Subsection (f), however, does not address whether a withholding procedure may be used to secure the employee contribu-

---

[2] The Committee on Merchant Marine and Fisheries stated in its report that it was its intention "in developing this bill to make no substantive changes of a controversial nature." H. Rep. No. 338, 98th Cong., 1st Sess., *reprinted in* [1983] U.S. Code Cong. & Ad. News 924, 932.

tions. Because Section 3305(f) was designed to allow seamen to participate in a state unemployment compensation plan, but the section is silent as to withholding, the petitioners contend that Section 11108 must be read to prohibit withholding any unemployment compensation contributions from the seamen's wages. The petitioners say that the burden of collecting the unemployment compensation contribution should be placed on the states and not on the individual vessel operators.[3]

In rejecting this argument, we note that in other subsections of FUTA, 3305(g) and (h), Congress extended to seamen working for general agents of the United States the same unemployment conditions as are provided to seamen employed by private owner-operators under subsection (f). S. Rep. No. 633, 83rd Cong., 1st Sess. 2 (1953). Subsection (h) expressly permits withholding contributions from the wages of seamen working for federal general agents. We adopt the reasoning used by the court in *Henderson* to explain this apparent anomaly. The New Jersey Superior Court wrote:

> since Congress clearly intended to extend the same benefits to seamen working for general agents of the United States as were afforded seamen working for private owners and operators, it would strain this court's logic to construe the words "otherwise comply" in §3305(f)

---

[3] This interpretation of 3305(f) of FUTA and Section 11108 of the Shipping Commissioner's Act was approved of by the United States District Court of New Jersey in *Sipe v. Amerada Hess Corporation*, 519 F. Supp. 781 (D.N.J. 1981). The United States Court of Appeals for the Third Circuit, in 689 F.2d 396 (3d Cir. 1982) held that the Tax Injunction Act prohibited federal courts from exercising jurisdiction over the subject matter. The Third Circuit vacated the District Court's order. Suit was subsequently brought in the New Jersey State Court system. *See Henderson.*

to be less comprehensive than the parallel expression "all requirements" in §3305(g). Although Congress took pains to expressly authorize such deductions in subsection (h) but not in subsection (f), the careful draftsmanship in subsection (h) may well be attributable to the special concerns in extending the effects of subsection (f) to employees of the United States.

192 N.J. Super. at 11-12; 468 A.2d at 1070.

Accordingly, we sustain the respondent's preliminary objections and dismiss the petitioners' petition for review.

### Order

And Now, this 25th day of January, 1985, the respondent's preliminary objection in the nature of a demurrer is sustained and the petition for review is dismissed.