## Pennsylvania State Police Bureau of Liquor Control Enforcement v. Cogan

*Stanley J. Wolowski, assistant counsel,* for appellee.

*William H. Snyder Jr.,* for appellant.

HOWSARE, *P.J.,* January 19, 1990 — This matter is presently before the court on the appellee's motion in limine requesting that this court enter an order limiting the evidence at the hearing to the administrative record.

This case arose when appellant was issued a citation by the Pennsylvania State Police, Bureau of Liquor Control Enforcement, for violation of section 493(1) of the Liquor Code, 47 P.S. §4-493(1), on December 1, 1988. On May 2, 1989, a hearing was held before the Honorable Felix Thau, administrative law judge, at which hearing appellant was found to have committed a violation of section 493(1) of the Liquor Code, 47 P.S. §4-493(1), and upon whom the penalty of a $1,000 fine was imposed. Pursuant to section 471 of the Liquor Code, 47 P.S. §4-471, appellant filed an appeal from the decision of the administrative law judge to the Pennsylvania Liquor Control Board. The PLCB concluded in an opinion with a mailing date of October

12, 1989, that there was substantial evidence to support the decision of the administrative law judge and, accordingly, affirmed the administrative law judge's decision. On November 1, 1989, appellant filed a petition for appeal from decision of Pennsylvania Liquor Control Board to the Court of Common Pleas of Bedford County. Appellant requests this court in its petition for appeal to hear the citation de novo and to reverse the order of the PLCB affirming the administrative law judge's decision.

The sole issue to be determined at this juncture is whether appellant is entitled to a de novo review of the PLCB's affirmation of the administrative law judge's decision upon appeal to the court of common pleas pursuant to section 471 of the Liquor Code, 47 P.S. §4-471.

Prior to its amendment on June 29, 1987, the relevant portion of section 471 of the Liquor Code, 47 P.S. §4-471(b), pertaining to appeal to the court of common pleas, provided:

"In the event the person who was fined or whose license was suspended or revoked by the board shall feel aggrieved by the action of the board, he shall have the right to appeal to the court of quarter sessions or the county court of Allegheny County in the same manner as herein provided for appeals from refusals to grant licenses. *Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court. . . ."* Act of April 12, 1951, P.L. 90, Art. IV, §471; as amended June 3, 1971, P.L. 143, no. 6, §1 [§509(a)(147)]. (emphasis supplied)

The Supreme Court of Pennsylvania contemplated the scope of review of courts of common pleas for appeals filed pursuant to section 471 of the

Liquor Code, prior to its amendment, in *Adair v. Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988). Focusing on the underscored portion of the above reference to section 471, the Supreme Court determined that such language mandated a de novo review by the court of common pleas.

Approximately 11 months prior to the *Adair* decision, section 471 of the Liquor Code was re-enacted and amended. The portion pertaining to appeals to the court of common pleas is as follows:

"In the event the bureau or the person who was fined or whose license was suspended or revoked shall feel aggrieved by the decision of the board, there shall be a right to appeal to the court of common pleas in the same manner as herein provided for appeals from refusals to grant licenses." As amended June 3, 1971, P.L. 143, no. 6, §1 [§509(a)(147)]. As re-enacted and amended June 29, 1987, P.L. 32, no. 14, §70, effective July 1, 1987.

Insofar as the language which provided the basis for the *Adair* decision was omitted by the legislature, the *Adair* ruling is not applicable to cases arising under the 1987 amendment to section 471 of the Liquor Code, such as in the present case. It is significant to note that in the *Adair* decision, the Supreme Court did not consider the language in section 471 which provides a "right to appeal to the court of quarter sessions . . . in the same manner as herein provided for appeals from refusals to grant licenses. . .," which language remains virtually unchanged by the 1987 amendment, when it determined the legislative intent regarding de novo review. Yet this language made a reference to section 464 of the Liquor Code which provided for de novo review by the court of common pleas in application cases. However, the court in *Adair* never placed any significance on such language when it arrived at its

holding. This language can only be read to provide procedural guidelines for appeals from citation cases. If the language were read to grant a de novo review, there would be no need for the court in *Adair* to construe the language which follows as granting broad discretion to the courts of common pleas on appeal therefore granting a right to de novo review.

Yet it is upon this language, providing a reference to section 464, that appellant bases her request for de novo review. It is absurd to assert that the legislature would attempt to grant a right to de novo review by a reference to section 464 when it could have left in the language omitted by the 1987 amendment to section 471 and thereby achieve the same result. It is a settled canon of statutory interpretation that "the legislature cannot be presumed to intend an absurd or unreasonable result to follow from its enactments," *Lehigh Valley Co-op Farmers v. Commonwealth Bureau of Employment Security, Dept. of Labor,* 498 Pa. 521, 447 A.2d 948 (1982). The fact that the language which granted the right to a de novo review in citation cases as determined in *Adair* was omitted in the 1987 amendment is indicative of legislative intent to affect a change, *Rivera v. Philadelphia Theological Seminary,* 326 Pa. Super. 509, 474 A.2d 605 (1984). "[I]n ascertaining legislative intent, the practical results of a particular interpretation may be considered," *Lehigh Valley Co-op Farmers, supra.*

The logical inference we draw from the omission of the language granting the right to a de novo review in the 1987 amendment to section 471 of the Liquor Code is that the legislature will no longer dictate on the issue of scope of review in cases arising under section 471.

As section 471 is no longer instructive on the issue of scope of review, we must look to the Judicial Code, 42 P.S. §5105(a)(2); (d)(1), which provides:

"§5105. *Right to Appellate Review*

"(a) *General Rule* — There is a right of appeal under this subsection from a final order . . . of every:

"(2) Government unit which is an administrative agency within the meaning of section 9 of Article V of the Constitution of Pennsylvania to the court having jurisdiction of such appeal. . .

"(d) *Scope of Appeal* —

"(1) Except as otherwise provided in this subsection an appeal under this section shall extend to the *whole record*, with like effect as upon an appeal from a judgment entered on the verdict of a jury in an action at law and the scope of review of the order shall not be limited as on broad or narrow certiorari. . . ." As amended October 12, 1984, P.L. 959, no. 187, §4.

In addition, 42 P.S. §933(a)(1)(v) provides express authority for the courts of common pleas to hear appeals from the Pennsylvania Liquor Control Board.

We conclude, therefore, that our review of the PLCB's decision in the present case is limited to the whole record made below.

Wherefore, we enter the following

ORDER OF COURT

And now, January 19, 1990, for the reasons set forth in the foregoing memorandum, the motion in limine of appellee is hereby granted.