Klein Appeal.

Argued January 12, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and McBRIDE, JJ.

158

*Frank F. Truscott,* with him *Malcolm Petrikin,* for Board of Commissioners of Springfield Township, appellant.

*Edward H. Bryant, Jr.,* with him *Edward H. P. Fronefield,* and *Lutz, Fronefield, Warner & Bryant,* for appellee.

OPINION BY MR. JUSTICE BELL, March 16, 1959:

A building inspector revoked Harry Klein's building permit; the revocation was sustained by the Board of Adjustment of Springfield Township, Delaware County. The lower Court found that the Board of Adjustment had manifestly abused its discretion and sustained Klein's appeal. The Board of Township Commissioners took this appeal from the decree of the lower Court.

The essential facts are not in dispute and can be summarized as follows: On November 5, 1956, Harry Klein entered into an agreement of sale to purchase one acre of ground for $23,000 on the south side of State Road in Springfield Township. The property was zoned "A" Residential. Article III, §301, of the Springfield Township Zoning Ordinance which was in effect at that time, permitted (inter alia) a use of the premises for "farm" purposes, in an "A" Residential District. On December 31, 1956, Harry Klein applied to the Township Building Inspector for permits to erect a greenhouse and a workshop on the premises.

On January 14, 1957, the Building Inspector issued the permits.

On January 15, 1957, Harry Klein completed settlement for the property. On January 16, 1957, Klein started to remove all of the trees and clean up the grounds. On January 22, 1957, he contracted for a new roof on the garage at a cost of $292. On January 24, 1957, he contracted for masonry work for $4,400 for a new workshop and a greenhouse. On January 29, 1957, he contracted to buy a greenhouse for $6,250 and paid $4,750 on account.* There was no allegation of fraud and the Court found there was no evidence or proof of bad faith on the part of Klein.

On January 31, 1957, the building inspector notified Klein that his building permits were suspended until further notice.

On March 19, 1957, the Springfield Township Board of Commissioners adopted Ordinance No. 583 amending the Zoning Ordinance by deleting "farm" use from the list of permitted uses in an "A" Residential Zoning District. The amended ordinance, having been passed after the valid issuance of Klein's permits, is inapplicable to his property and could not justify (as the Board concedes) a revocation of his permits: *Shapiro v. Zoning Board of Adjustment,* 377 Pa. 621, 105 A. 2d 299. On March 21, 1957, the building inspector notified Klein that his building permits were revoked. Klein appealed the revocation and was given a hearing by the Board of Adjustment on April 25, 1957. On June 27, 1957, the Board of Adjustment dismissed the appeal on the ground that the proposed use was not a "farm" use under the Zoning Ordinance and therefore the permits were illegally issued.

---

* He also entered into a contract on February 5, 1957, to install a new heating system for $1,214.

Klein testified that he intended raising cut flowers, annuals and evergreens and then selling them. He would grow these plants in different ways, some from seed, some from cuttings and some from pots that are brought in and repotted. He further testified that he would buy potted plants when they were smaller and finish them off. Raising and growing these plants requires knowledge, time, experience and skill.

The Board of Adjustment based its decision on the testimony of Klein that, at certain seasonal periods of peak demand for potted plants he would buy at wholesale potted plants for resale. From this testimony, the Board concluded that Klein's use of his property was not within the permitted "farm" use as he intended to engage in "the commercial selling of shrubs and flowers; with the cultivation of the soil and the growing of the plants and shrubs incidental thereto."

The Decree of the lower Court reversing the Board of Adjustment must be affirmed.

A careful reading of the testimony convinces us, as it did the Court below, that Klein intends to use the land to grow flowers, shrubs and evergreens. The workshop and greenhouse are to be operated in connection with this use. All parties agree that a nursery and a greenhouse operation is a farm use, even on a one acre farm: *Marple Twp. v. Lynam,* 151 Pa. Superior Ct. 288, 30 A. 2d 208. When an ordinance permits an owner to use his property as a farm, the ordinance by necessary implication permits the use of the lot for such agricultural specialties as its size will permit: *Marple Twp. v. Lynam,* supra. In *Gaspari v. Muhlenberg Twp. Board of Adjustment,* 392 Pa. 7, 139 A. 2d 544, the Court, speaking through Mr. Justice MUSMANNO, held that the production of artificial compost was farming within the meaning of the Zoning Ordinance, and said (page 15) : " '. . . it parallels the case of an orchardist

who plants and cultivates fruit trees of various kinds and, after they have attained a certain maturity, sells them to fruit growers; or the grower of tobacco plants, who sets out the seed in specially prepared beds and later removes the growing slips for planting in his own fields, or sells them to other farmers. No one would contend that the individuals mentioned in the examples suggested are engaged in manufacturing . . .' "

Furthermore, "farm" use undoubtedly includes the right to sell what is grown on the land: *Marple Twp. v. Lynam*, supra. The purpose and the essential character of Klein's proposed use is farming and therefore, the permits were validly issued. Once validly issued the permits could not be arbitrarily revoked: *Shapiro v. Zoning Board of Adjustment*, 377 Pa. 621, 105 A. 2d 299; *Lower Merion Township v. Frankel*, 358 Pa. 430, 57 A. 2d 900.

Nothing in this opinion is intended to permit Klein under the guise of a "farm" use to engage in the admittedly commercial activity of buying plants for resale. Such a use would be a violation of the ordinance[*] and subject Klein to appropriate action for such violation. On the other hand, the mere buying of some plants for resale, especially at peak periods, would not change the essential character of the "farm" use. The buying for resale can not be of such amount or proportion as to make the cultivation and sale of products grown on the land a mere accessory to Klein's commercial activity.

Decree affirmed, costs to be paid by appellant.

Mr. Justice COHEN concurs in the result.

---

[*] Appellant admits this and testified that he would not use the property beyond the limits prescribed by the Ordinance.