The Peters Orchard Company, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued May 6, 1985, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Donald G. Oyler, Wolf and Oyler,* for petitioner.

*Eugene J. Anastasio,* with him, *Michael A. Roman,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, August 20, 1985:

The Peters Orchard Company (Petitioner) appeals from a Board of Finance and Revenue determination that it is not entitled to the "family farm corporation"[1] exemption from capital stock taxation. We affirm.

The parties have stipulated all of the facts upon which we rely for purposes of this appeal. Those facts relevant to the disposition of this appeal are as follows. Petitioner is a Pennsylvania corporation which was formed in 1960. At all times since its incorporation, all of the issued and outstanding corporate stock of Petitioner has been owned by John B. Peters, his wife Mary E.K. Peters, and their six children. Petitioner's sole business activity since its incorporation has been the leasing of its assets, consisting of fruit farms located in Pennsylvania and farm machinery and equipment, to John B. Peters individually until 1974, and thereafter to John B. Peters, Inc.[2] Both lessees used these assets in their farming operations.

---

[1] Section 602.2(a) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended.* 72 P.S. §7602.2(a), provides in pertinent part: "Family farm corporations shall be exempt from the tax imposed by Section 602 [capital stock tax]."

[2] John B. Peters' four sons own all of the outstanding stock of John B. Peters, Inc.

In filing its Capital Stock Tax Report for the fiscal year ending November 30, 1981, Petitioner asserted that it was exempt from the capital stock tax because it qualified as a "family farm corporation". The Department of Revenue denied the claimed exemption, however, fixing the taxable value of Petitioner's stock at $475,000.00, and setting its capital stock tax for that fiscal year at $4,750.00.

Section 602.2(a) of the Tax Reform Code of 1971 (Code), 72 P.S. §7602.2(a), provides that "family farm corporations" shall be exempt from capital stock tax liability. Section 602.2(b)(1) of the Code, 72 P.S. §7602.2(b)(1), defines "family farm corporation" as:

A Pennsylvania corporation at least seventy-five per cent of the assets of which are devoted to the business of agriculture, which business, for the purposes of this definition, shall not be deemed to include (i) recreational activities such as, but not limited to, hunting, fishing, camping, skiing, show competition or racing; (ii) the raising, breeding or training of game animals or game birds, fish, cats, dogs or pets, or animals intended for use in sporting or recreational activities; (iii) fur farming; (iv) stockyard and slaughterhouse operations; or (v) manufacturing or processing operations of any kind: Provided, however, that at least seventy-five per cent of all of the stock of the corporation must be owned by members of the same family.

It is undisputed that Petitioner satisfies the stock ownership criterion. It is also undisputed that John B. Peters, Inc., the corporation to which Petitioner leased all of its assets during fiscal year 1981, operates the farmland it leases and uses the machinery and equipment in its farming operations. Thus, the sole

issue for our determination is whether a corporation which leases all of its assets, consisting of farmland and farm machinery and equipment, to another corporation which uses these assets in its farming operations, is entitled to the "family farm corporation" exemption; or, stated another way, whether the requirement that seventy-five percent of a qualifying corporation's assets be "devoted to the business of agriculture" means that that corporation must actually be engaged in the business of agriculture.

In support of its contention that it is entitled to the exemption, Petitioner argues that the language of Section 602.2 of the Code is clear in requiring *only* that a qualifying corporation's assets be devoted to the business of agriculture and not that the corporation itself be engaged in the business of agriculture. Petitioner asserts that inasmuch as all of its assets are in fact used by the leasing corporation in its farming operations, it satisfies this criterion. Petitioner further contends that by leasing its assets to a family owned corporation which is engaged in the business of agriculture, the purpose of the "family farm corporation" exemption, which is to preserve the family farm and Pennsylvania farmland, is still being served.

It is well-settled that we may not disregard those words or phrases in a statute which are clear and free from doubt. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). However, because we find the phrase "devoted to the business of agriculture" sufficiently ambiguous, we will interpret this term to effectuate the intent of the General Assembly by taking into account such considerations as the necessity for and circumstances surrounding the enactment of the statute, the evil which it sought to remedy and the object which was to be attained. Sections 1921(a) and (c) of the Statutory Construction

Act of 1972, 1 Pa. C. S. §§1921(a) and (c). Moreover, we are mindful of the rule of statutory construction providing that a statute exempting persons or property from taxation must be strictly construed. Section 1928(1)(5) of the Statutory Construction Act of 1972. And consistent with this rule, a taxpayer has the burden of proving that he is entitled to an exemption from taxation. *Lehigh Valley Cooperative Farmers v. Commonwealth,* 498 Pa. 521, 447 A.2d 948 (1982); 1 Pa. C. S. §1928(b)(5).

We agree with Petitioner that the legislative intent behind the "family farm corporation" exemption is to preserve Pennsylvania farmland by encouraging continuation of the family farm through the alleviation of one of the tax burdens which often forces families to sell off farmland. "In recent years both Congress and Pennsylvania's General Assembly have instituted a variety of measures designed to protect farmland, in particular, and the agricultural industry, generally." *Boundary Drive Associates v. Shrewsbury Township Board of Supervisors,* 507 Pa. 481, 490, 491 A.2d 86, 90 (1985).[3] The family farm corporation exemp-

---

[3] In addition to the family farm corporation exemption from the capital stock tax, the Court in *Shrewsbury* cited the following legislation:

The Farmland Protection Policy Act, 7 U.S.C.A. §§4201 et seq. (Supp. 1984) (establishing procedures for maximizing the extent to which federal programs contribute to farmland conversion and for assuring that such programs are compatible with state, local and private efforts to protect such land); I.R.C. §126, 175, 2032A, 6166 (collectively providing tax incentives to inhibit conversion of farmland and to encourage soil conservation). See also the Agricultural Area Security Law, Act of June 30, 1981, P.L. 128, No. 43, 3 P.S. §901 et seq. (Supp. 1984-85) (declaring the Commonwealth's policy to conserve, protect and improve its agricultural land and providing various measures to implement that policy); The Right to Farm Law, Act of June 10, 1982,

tion from the capital stock tax is one means the legislature has chosen to meet this objective. However, we do not agree with Petitioner's assertion that the legislature's objective is met by exempting from capital stock taxation those corporations which are not actually engaged in the agriculture business but whose assets are devoted to that use.

The flaw in Petitioner's argument is illustrated, in part, by the instant case. Here, although we are not provided with percentage figures in the stipulated facts, it appears as if farmland constitutes the bulk of Petitioner's assets. Thus, to the extent exemption from capital stock taxation would encourage Petitioner, a family corporation, to hold on to its farmland and continue leasing it for agricultural purposes, the legislative objective of preserving farmland would be attained. The practical results of Petitioner's interpretation, however, would be that a family business engaged solely in the business of leasing farm machinery and equipment to corporations engaged in the agriculture business would also be entitled to the exemption.[4] Thus, Petitioner's interpretation, if extended, would result in an exemption from the capital

---

P.L. 454, No. 133, 3 P.S. §951 et seq. (Supp. 1984-85) (limited the circumstances under which a farmer may be subjected to local nuisance regulations); Act of January 13, 1966, P.L. (1965) 1292 ("Act 515"), 16 P.S. §11941 et seq. (Supp. 1984-85) and Act of December 19, 1974, P.L. 973, No. 319, 72 P.S. §5490.3 (Supp. 1984-85) (authorizing assessment of eligible farmland at current use value for purposes of local property taxation); 72 Pa. C. S. §1722 (Supp. 1984-85) (providing for the valuation of farmland at its current use value for state death tax purposes). . . .

*Id.* at , n. 10, 491 A.2d at 90, n. 10.

[4] We note that in ascertaining legislative intent, the practical results of a particular interpretation may be considered. Section 1921(c)(6) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(c)(6).

stock tax for corporations which do not even own farmland. We fail to see how the legislative intent of making it more economically feasible for family farming operations to continue to maintain farmland as farmland would be served. We therefore conclude that by requiring that at least seventy-five percent of a qualifying corporation's assets be "devoted to the business of agriculture", the legislature was seeking to restrict entitlement to the "family farm corporation" exemption to those corporations *actually engaged* in the business of agriculture.

Finally, we believe Petitioner's reliance on the language contained in the manufacturing exemption from capital stock taxation is misplaced. Section 602 of the Code, 72 P.S. §7602, relieves from capital stock taxation a corporation's capital stock which is "invested in and actually and exclusively employed in carrying on manufacturing. . .". Petitioner argues that the absence of similar language in the provision granting the family farm corporation exemption indicates that a qualifying corporation under that provision need not actually be engaged in the business of agriculture. We disagree.

Section 602(a) of the Code requires that Pennsylvania corporations pay a capital stock tax on capital stock of all kinds *except* that which is actually employed in carrying on manufacturing. It is the entity's assets which qualify for the manufacturing exemption rather than the entity itself; thus the need for specifically designating those assets for which the exemption may be claimed. In the case of the "family farm corporation" exemption, however, it is the entity itself, the family farm corporation, which is exempt from taxation. And we are here holding that the requirement that seventy-five percent of a qualifying corporation's assets be "devoted to the business of

agriculture'' reflects the legislature's intent that that corporation actually be engaged in the business of agriculture.

### ORDER

AND Now, August 20, 1985, the order of the Board of Finance and Revenue dated February 28, 1984, is hereby affirmed.

It is further ordered that unless exceptions are filed within thirty (30) days of this order, the Prothonotary shall enter judgment in favor of the Commonwealth and against the Peters Orchard Company in the amount of $4,750.00, together with interest and costs, according to law.