Hoffman Seeds, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued May 6, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Robert W. Hallinger, Barley, Snyder, Cooper & Barber,* for petitioner.

*Eugene J. Anastasio,* with him, *Michael A. Roman,* Deputy Attorneys General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, August 28, 1985:

Hoffman Seeds, Inc. (Hoffman) has appealed an order of the Board of Finance and Revenue (Board) denying its petition for refund of the capital stock tax. We affirm.

The parties submitted a stipulation of facts which we adopt as our own for purposes of this decision. Hoffman's primary business is the production and preparation of hybrid farm seed for sale to farmers, seed distributors and retailers. Hoffman engages farmers to grow the hybrid seed corn and provides the seed to the farmers. The farmer plants rows of foundation seeds for female plants; Hoffman employees plant pollinator plants every fifth row. Hoffman employees perform the roguing,[1] detasseling[2] and flying[3] of the seed crop. Although Hoffman decides when to harvest the seed crop, the farmers are responsible for harvesting the crop and delivering it to Hoffman.

Upon delivery, Hoffman conditions[4] and bags the seed for sale to customers. Seventy-five percent

---

[1] Roguing is the process of physically removing other plants from a cornfield to prevent impurities in the pollination of the female plants. Stipulation No. 9.

[2] Detasseling is the process of physically removing the tassel from the female rows of plants in the field to insure proper cross-pollination with the pollinator plants. Stipulation No. 10.

[3] Flying the seed crop involves flying a helicopter low over the plants so that the backwash from the rotor blades agitates the pollen to insure proper pollination. Stipulation No. 14.

[4] Conditioning involves drying, shelling, grading, sorting and packing the raw seed. The seed is also sprayed with a fungicide to aid in germination. Stipulation No. 20.

(75%) of Hoffman's seeds are sold directly to farmers, with the remaining sold to farm store retailers and distributors. All of Hoffman's assets are devoted to its business of producing, preparing and selling farm seed.

The parties contend that the only issue before us is whether at least seventy-five percent (75%) of Hoffman's assets are "devoted to the business of agriculture" for purposes of the family farm corporation exemption, Section 602.2 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, 72 P.S. §7602.2, added by the Act of October 17, 1980, P.L. 1077.

Section 602.2 of the Code provides that:

(a) The provisions of [the Capital Stock-Franchise Tax, Section 602 of the Code, 72 P.S. §7602] shall not apply to family farm corporations. Family farm corporations shall be exempt from the tax imposed by section 602.

(b)(1) Family farm corporation means a Pennsylvania corporation at least seventy-five per cent of the assets of which are devoted to the business of agriculture, which business, for the purposes of this definition, shall not be deemed to include (i) recreational activities such as, but not limited to, hunting, fishing, camping, skiing, show competition or racing; (ii) the raising, breeding or training of game animals or game birds, fish, cats, dogs or pets, or animals intended for use in sporting or recreational activities; (iii) fur farming; (iv) stockyard and slaughterhouse operations; or (v) manufacturing or processing operations of any kind: Provided, however, That at least seventy-five per cent of all of the stock of the corporation must be owned by members of the same family.

In order to qualify for the exemption, Hoffman must: (1) be a family farm which has been incorporated,[5] (2) devote seventy-five percent (75%) of its assets to the business of agriculture, and (3) have at least seventy-five percent (75%) of its stock owned by members of the same family.[6] In our view, however, the issue for our determination is not whether at least seventy-five percent (75) of Hoffman's assets are devoted to the business of agriculture but whether Hoffman is a "family farm corporation" as that term is used in Section 602.2 of the Code.

Obviously, in order for there to be a family farm corporation there must be a family farm.[7] It is undisputed that in the instant case, there is no family farm to speak of: Hoffman simply has growing contracts with farmers under which it pays the farmers to grow seeds. While Hoffman, a family corporation, may or may not be in the business of agriculture, Hoffman is not a family farm corporation within the meaning of the exemption. Accordingly, we must affirm the order of the Board.

## ORDER

The order of the Board of Finance and Revenue, dated May 24, 1983, at No. C-10,997 is affirmed.

It is further ordered that unless exceptions are filed within thirty (30) days of this order, the Pro-

---

[5] The Commonwealth stipulated that the state of incorporation is not to be taken into consideration in determining whether a taxpayer is entitled to the family farm corporation exemption. Stipulation of Fact No. 26.

[6] It was stipulated that one hundred percent (100%) of Hoffman's stock is owned by members of the same family. Stipulation of Fact No. 27.

[7] Requiring that there be a family farm is consistent with Section 602.2's intent to "save the family farm." *See The Peters Orchard Co. v. Commonwealth*, 91 Pa. Commonwealth Ct. 213, A.2d (1985), slip op. at 4.

thonotary shall enter judgment in favor of the Commonwealth and against Hoffman Seeds, Inc. in the amount of $25,087.

Judge BARRY did not participate in the decision in this case.