515 A.2d 550

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**The PETERS ORCHARD COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued June 4, 1986.

Decided Sept. 25, 1986.

Donald G. Oyler, Gettysburg, for appellant.

Michael A. Roman, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is an appeal from the decision of Commonwealth Court which affirmed a determination of the Board of

Finance and Revenue that the Peters Orchard Company (Appellant) was not entitled to the "family farm corporation"[1] exemption from capital stock taxation. Commonwealth Court entered judgment in favor of the Commonwealth for $4,750.00 together with interest and costs. The sole issue in this appeal is whether a Pennsylvania corporation should be denied the benefit of the "family farm corporation" exemption from the Pennsylvania Capital Stock Tax, to which it is otherwise entitled, because it does not actually engage in farming, but leases its agricultural assets to another Pennsylvania corporation for operation. All of the stock of both corporations is owned by members of the same family. For the reasons set forth herein we conclude that the exemption should not be granted to this taxpayer and accordingly affirm.

The stipulated facts are as follows: Appellant is a Pennsylvania corporation which was formed in 1960. At all times since its incorporation, all of the issued and outstanding corporate stock of Appellant has been owned by members of the same family; namely, John B. Peters, his wife, Mary E.K. Peters, and their children.

Appellant's sole business activity since its incorporation has been the leasing of its assets, consisting of fruit farms located in Pennsylvania and farm machinery and equipment, to John B. Peters individually until his retirement in 1974, and thereafter to John B. Peters, Inc.[2] Both lessees used these assets in their family farming operation. The reason for the leasing arrangement between the two corporations is that the four sons of John B. Peters are actively engaged

---

1. Section 602.2(a) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, as amended 72 Pa.S. § 7602.2(a) provides in pertinent part:

 "Family farm corporations shall be exempt from the tax imposed by Section 602 [capital stock tax]."

2. This corporation was incorporated on December 1, 1966, by the four sons of John B. Peters and Mary E.K. Peters, under the corporate name, Mountain Orchards, Inc. On April 10, 1974, the Articles of Incorporation were amended to change its name to John B. Peters, Inc. At all times since its formation, the stock of this corporation has been issued to the four sons in equal shares.

in the farming operation while his two daughters are not. The leasing arrangement therefore permits all of the Peters children to share in the ownership of the fruit farms, machinery and equipment, while only those children who earn their livelihood from farming, i.e., the four sons who actively engage in the farming operation, share in the profits realized therefrom. Thus, the Appellant corporation owns the capital assets, and the farming operation is carried on by John B. Peters, Inc., through the leasing arrangement. However, all the outstanding stock of both corporations is owned by the members of the John B. Peters family, and those family members constitute all of the officers and directors of both corporations.

In filing its Capital Stock Tax Report for the fiscal year ending November 30, 1981, Appellant asserted that it was exempt from the capital stock tax because it qualified as a "family farm corporation." The Department of Revenue denied the claimed exemption, however, fixing the taxable value of Appellant's stock at $475,000.00, and setting its capital stock tax for that fiscal year at $4,750.00. Commonwealth Court affirmed the denial of the exemption to Appellant and this appeal ensued.

Determination of the question presented by this appeal is governed by Section 602.2 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, 72 Pa.S. § 7602.2, added by the Act of October 17, 1980, P.L. 1077. Section 602.2 of the Code provides that:

(a) The provisions of [the Capital Stock-Franchise Tax, Section 602 of the Code, 72 P.S. § 7602] shall not apply to family farm corporations. Family farm corporations shall be exempt from the tax imposed by section 602.
(b)(1) Family farm corporation means a Pennsylvania corporation at least seventy-five per cent of the assets of which are devoted to the business of agriculture, which business, for the purposes of this definition, shall not be deemed to include (i) recreational activities such as, but not limited to, hunting, fishing, camping, skiing, show competition or racing; (ii) the raising, breeding or train-

ing of game animals or game birds, fish, cats, dogs or pets, or animals intended for use in sporting or recreational activities; (iii) fur farming; (iv) stockyard and slaughterhouse operations; or (v) manufacturing or processing operations of any kind: Provided, however, that at least seventy-five per cent of all of the stock of the corporation must be owned by members of the same family.

It is clear from the foregoing language that in order to qualify for the exemption Appellant must: 1) be a family farm which has been incorporated, 2) devote seventy-five per cent (75%) of its assets to the business of agriculture, and 3) have at least seventy-five per cent (75%) of its stock owned by members of the same family. There is no question that Appellant satisfies the first and third requirements. The question presented is whether Appellant's leasing activities constitute the "business of agriculture" within the meaning of Section 602.2(b)(1) of the Tax Reform Code, 72 Pa.S. § 7602.2(b)(1).

Initially, we note that a required rule of statutory construction provides that a statute exempting persons or property from taxation must be strictly construed. Section 1928(b)(5) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b)(5). Consistent with this rule, a taxpayer has the burden of proving that he is entitled to an exemption from taxation. *Lehigh Valley Cooperative Farmers v. Commonwealth*, 498 Pa. 521, 525, 447 A.2d 948, 950 (1982). It is also well-settled that the rules of statutory construction set forth in Chapter 19, 1 Pa.C.S. §§ 1901 et seq., "shall be observed, unless the application of such rules would result in a construction inconsistent with the manifest intent of the General Assembly", 1 Pa.C.S. § 1901.

Appellant argues that the purpose of the "family farm corporation" exemption from capital stock tax was to alleviate one of the burdens on family farm corporations in order to help preserve family farms, and that the exemption encourages continuation of the family farm by removing one of the tax burdens which often forced families to sell

off farmland. Appellant further urges that the arrangement by which one Peters family corporation owns the family farming assets and leases them to another family corporation for operation was intended to serve the same purpose as the legislation at issue. Appellant, in essence, asks that we disregard the separate corporate entities for purposes of this exemption because both corporations are owned, operated and directed by essentially the same members of the same family, and but for the second corporation, Appellant would unquestionably be entitled to the exemption. As a second ground for reversal, Appellant asserts that the provision that seventy-five per cent (75%) of a qualifying corporation's assets be "devoted to the business of agriculture" does not require that the family farm corporation be actively engaged in farming in order to qualify for the exemption, but only that its assets be so engaged. Appellant finds the language of the statute clear and unambiguous and contends that had the Legislature intended to limit the exemption to actively farming corporations it would have explicitly done so.

Appellee, on the other hand, while conceding that Appellant meets the stock ownership requirement of the statute, asserts that Appellant's leasing activities do not constitute the "business of agriculture" as contemplated by the exemption. Appellee argues that it is insufficient for purposes of the exemption that assets be devoted to the business of agriculture *by a lessee*. Rather, Appellee contends that the corporation seeking this exemption must itself actively engage in the business of agriculture. We agree.

While Section 7602.2(b)(1) sets forth a list of activities which are not to be deemed included in the term "business of agriculture," it does not define the term itself. When interpreting a statute, we are guided by the plain meaning rule of Construction 1 Pa.C.S. § 1903. In *Fidler v. Zoning Board of Adjustment*, 408 Pa. 260, 182 A.2d 692 (1962), we had occasion to discuss the definition of agriculture. Therein we stated:

The word "agriculture" is a derivative of two Latin words, "agri" meaning field, and "cultra" meaning cultivation. In its narrowest sense, it concerns the tilling and cultivating of the soil. See, *Commonwealth v. Carmalt*, 2 Binney 235 (1810). However, it has from an early date reasonably and logically assumed a much broader meaning.

Webster's New International Dictionary (2d ed. 1961) defines "agriculture" as: "The art or science of cultivating the ground, and raising and harvesting crops, often including also feeding, breeding, and management of livestock; tillage; husbandry; farming; in a broader sense, the science and art of the production of plants and animals useful to man, including to a variable extent the preparation of these products for man's use and their disposal by marketing or otherwise. In this broad use it includes farming, horticulture, forestry, dairying, sugar making, etc."

The Oxford Universal Dictionary (3d ed. 1955) defines "agriculture" as: "The science and art of cultivating the soil; including the gathering in of the crops and the rearing of livestock; farming (in the widest sense)."

3 C.J.S. Agriculture § 1, page 365, states: "In a limited sense, 'agriculture' is the cultivation of grain and other field crops for man and beast; but, in a broader sense, the word signifies the science or art of producing plants and rearing animals useful to man, including certain matters incidental thereto." Also on the same page "agriculture" is: "the art or science of cultivating the ground, including harvesting of crops and rearing and management of livestock."

*Id.*, 408 Pa. at 264–265, 182 A.2d at 694, 695.

It seems clear that the leasing of land and equipment does not constitute agriculture under any definition. Appellant concedes that one hundred per cent (100%) of its assets consisting of land and equipment are leased to another corporation, and this has been Appellant's sole activity since 1974. We find no merit to Appellant's contention that the

language of § 7602.2 requires only that a qualifying corporation's assets be "devoted" to the business of agriculture and not that the corporation itself be engaged in the business of agriculture. Notwithstanding the fact that the stock of both corporations is owned by essentially the same family members, we cannot ignore the fact that there are two separate corporate entities, and treat the activities of the two entities as if carried on by a single corporation. We are not here concerned with the manner in which Appellant chooses to structure its family business or the reasons underlying the two-corporation structure. We must, however, acknowledge that there are two separate and distinct corporations involved, and for purposes of the exemption from the capital stock tax, Appellant must as a separate entity meet all the requirements of § 7602.2, or it is not entitled to the exemption.

Appellee asserts, and we agree, that to reach the result sought by Appellant, would be functionally similar to treating Appellant and its lessee as consolidated corporations. This would be in direct violation of the prohibition on consolidation contained in the Corporate Net Income Tax Act, 72 Pa.S. § 7404 [3] and incorporated into the Capital Stock Tax Act by 72 Pa.S. § 7603.[4] Commonwealth taxing practice has consistently observed these statutory requirements that each taxable corporation be viewed as an independent entity, even in cases where for federal purposes a consolidated group exists. Further, the statute requires that in cases where no federal return is in fact filed or

3. Act of March 4, 1971, P.L. 6, No. 2, Art. IV, 404 which provides:
§ 7404. Consolidated reports
The department shall not permit any corporation owning or controlling, directly or indirectly, any of the voting capital stock of another corporation or of other corporations, subject to the provisions of this article, to make a consolidated report showing the combined net income.

4. Act of March 4, 1971, P.L. 6, No. 2, Art VI, § 603 which provides:
§ 7603. Procedure: enforcement penalties
Parts III, IV, V, VI, and VII of Article IV are incorporated by reference into this article in so far as they are applicable to the tax imposed hereunder.

required because of consolidation, the Pennsylvania tax report contain information as would have appeared in a separate company federal report had one been required. 72 Pa.S. § 7403(a)(2).[5]

Moreover, the principle of strict construction of provisions for exemption from taxation, 1 Pa.C.S. § 1928(b)(5), has been affirmed by this Court on numerous occasions. See, e.g., *Lehigh Valley Cooperative Farmers v. Commonwealth, supra; Commonwealth v. Deitch Co.*, 449 Pa. 88, 295 A.2d 834 (1972); *Commonwealth v. Berlo Vending Co.*, 415 Pa. 101, 202 A.2d 94 (1964).

On the record before us, it is clear that Appellant is a corporation engaged solely in the business of leasing and is not entitled to the family farm corporation exemption from capital stock tax.

Judgment affirmed.

LARSEN, J., files a dissenting opinion in which FLAHERTY, J., joins.

FLAHERTY, J., files a dissenting opinion in which LARSEN, J., joins.

HUTCHINSON, J., dissents without an opinion.

5. Act of March 4, 1971, P.L. 6, No. 2, Art. IV, § 403, as amended, 72 Pa.S. § 7403(a), which provides in relevant part:
 § 7403. Reports and payment of tax
 (a) For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of every corporation, liable to pay tax under this article, on or before April 15, 1972, and each year thereafter, to transmit to the department, upon a form prescribed, prepared and furnished by the department, an annual report under oath or affirmation of its president, vice president or other principal officer, and of its treasurer or assistant treasurer of net income taxable under the provisions of this article. Such report shall set forth:
 ... (2) if no return was filed with the Federal Government the report made to the department shall show such information as would have been contained in a return to the Federal Government had one been made; ....

474

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Judgment of the Commonwealth Court is affirmed.

LARSEN, Justice, dissenting.

I dissent and join Justice FLAHERTY's dissenting opinion.

To ascertain legislative intent in the instant case, it is helpful to review the previously proposed, but unenacted definition of a family farm corporation entitled to an exemption from the Capital Stock Tax. The unenacted definition was contained in House Bill No. 1608, Printer's No. 1931 and read: "[f]amily farm corporation shall mean a corporation *organized* and *operated for* the *agricultural use* of land, wherein at least seventy-five per cent of all the stock is owned by members of the same family." H.B. No. 1608, § 1(b)(1) (1979) (emphasis supplied).

The enacted definition clearly differs from this by defining a family farm corporation as a " ... Pennsylvania corporation at least seventy-five per cent of the *assets* of which are *devoted to* the business of agriculture,...." 72 P.S. § 7602.2(b)(1) (emphasis supplied). The adoption of this broader definition demonstrates that the legislature did not intend to require that the corporation actually engage in agriculture. Rather, it is only required, as done by appellant here, that the corporation devote at least seventy-five per cent of its *assets* —farmland and farm equipment—to the business of agriculture.

Therefore, I would hold that appellant qualifies for the family farm corporation exemption from the Pennsylvania Capital Stock Tax.

FLAHERTY, J., joins this dissenting opinion.

FLAHERTY, Justice, dissenting.

I dissent. The appellant corporation clearly fulfills the requirements of the "family farm corporation" exemption

from the Pennsylvania Capital Stock Tax. The exemption defines "family farm corporation" as a "Pennsylvania corporation at least seventy-five per cent of the *assets* of which are *devoted to the business of agriculture....*" 72 P.S. § 7602.2 (emphasis added). There can be no question that the assets of the appellant corporation, to wit farmland and farm machinery, are devoted to the business of agriculture. The fact that the assets are leased to others who perform the actual farm work is immaterial, for the assets are still devoted to the business of agriculture. There is no language in the exemption to indicate that the legislature intended to limit the exemption so as to apply only to assets which are not leased. Indeed, the leasing of equipment and farmland is such a well-known common practice in the agricultural community that, had the legislature intended to regard such assets as not being devoted to the business of agriculture, the legislature surely would have so stated.

This dissenting opinion is joined by LARSEN, J.