522 A.2d 187

Reiniger Brothers, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued December 8, 1986, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Marc D. Jonas,* with him, *Fred J. Silverman, Silver-man, Jonas & Lawrence,* for petitioner.

*Michael A. Roman,* Deputy Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 13, 1987:

Reiniger Brothers, Inc. (Reiniger) has appealed an order of the Board of Finance and Revenue (Board) denying its petition for refund of capital stock tax. We reverse.

The parties submitted a stipulation of facts which we adopt as our own for purposes of this decision. *See* Pa. R.A.P. 1571(f). Reiniger is engaged in the business of raising flowers and plants in greenhouses. Hybrid tea and sweetheart roses for cut flowers are grown directly in the soil in the greenhouse. Other products are grown in soil in containers of various sizes.

Section 602.2 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* added by Section 1 of the Act of October 17, 1980, P.L. 1077, 72 P.S. §7602.2 provides in pertinent part:

> (a) The provisions of section 602 [72 P.S. §7602] shall not apply to family farm corporations. Family farm corporations shall be exempt from the tax imposed by section 602.

> (b)(1) Family farm corporation means a Pennsylvania corporation at least seventy-five per cent of the assets of which are devoted to the business of agriculture, which business, for the purposes of this definition, shall not be deemed

to include (i) recreational activities such as, but not limited to, hunting, fishing, camping, skiing, show competition or racing; (ii) the raising, breeding or training of game animals or game birds, fish, cats, dogs or pets, or animals intended for use in sporting or recreational activities; (iii) fur farming; (iv) stockyard and slaughterhouse operations; or (v) manufacturing or processing operations of any kind: Provided, however, That at least seventy-five per cent of all of the stock of the corporation must be owned by members of the same family.

Our Supreme Court stated in *Commonwealth v. Peters Orchard Co.*, 511 Pa. 465, 515 A.2d 550 (1986), that in order to qualify for the exemption provided for by Section 602.2 of the Code, 72 P.S. §7602.2, the taxpayer must: "1) be a family farm which has been incorporated, 2) devote seventy-five per cent (75%) of its assets to the business of agriculture, and 3) have at least seventy-five percent (75%) of its stock owned by members of the same family." *Id*. at 469, 515 A.2d at 552.

In the instant case, it is undisputed that the family business is incorporated with all of its stock owned by members of the same family. Further, there is no dispute that well over seventy-five per cent of the assets owned by the corporation are devoted to the business of growing and selling plants. The question then becomes whether Reiniger can be considered to be in the "business of agriculture" and whether the business can be considered a "family farm."

The Supreme Court in *Peters Orchard* discussed at length the meaning of "agriculture" as used in the statute we are examining here:

While Section 7602.2(b)(1) sets forth a list of activities which are not to be deemed included

in the term 'business of agriculture,' it does not define the term itself. When interpreting a statute, we are guided by the plain meaning rule of Construction 1 Pa. C. S. §1903. In Fidler v. Zoning Board of Adjustment, 408 Pa. 260, 182 A.2d 692 (1962), we had occasion to discuss the definition of agriculture. Therein we stated:

The word 'agriculture' is a derivative of two Latin words, 'agri' meaning field, and 'cultra' meaning cultivation. In its narrowest sense, it concerns the *tilling and cultivating of the soil.* See, Commonwealth v. Carmalt, 2 Binney 235 (1810). However, it has from an early date reasonably and logically assumed a much broader meaning.

Webster's New International Dictionary (2d ed. 1961) defines 'agriculture' as: 'The art or science of cultivating the ground, and raising and harvesting crops, often including also feeding, breeding, and management of livestock; tillage; husbandry; farming; in a broader sense, the science and art of the production of plants and animals useful to man, including to a variable extent the preparation of these products for man's use and their disposal by marketing or otherwise. In this broad use it includes farming, *horticulture,* forestry, dairying, sugar making, etc.'

The Oxford Universal Dictionary (3d ed. 1955) defines 'agriculture' as: 'The science and art of cultivating the soil,; including the gathering in of the crops and the rearing of livestock; farming (in the widest sense).'

3 C.J.S. Agriculture §1, page 365, states: 'In a limited sense, "agriculture" is the cultivation of grain and other field crops for man and beast; but, in a broader sense, the word signifies *the*

*science or art of producing plants and rearing animals useful to man,* including certain matters incidental thereto.' Also on the same page 'agriculture' is: 'the art or science of cultivating the ground, including harvesting of crops and rearing and management of livestock.'

*Id.* at 264-265, 182 A.2d at 694, 695.

*Peters Orchard,* 511 Pa. at 470, 515 A.2d at 552-53 (emphasis added).

The term "horticulture" is, in turn, defined in Webster's Third New International Dictionary 1093 (1966) as "the cultivation of an orchard, garden, or nursery on a small or large scale: the science and art of growing fruits, vegetables, flowers, or ornamental plants."

We conclude that Reiniger is indeed involved in the business of "agriculture."

As for whether Reiniger's business should be considered a "family farm," a look at the definition of "farm" found in Black's Law Dictionary is instructive. "Farm" is defined there as "[a] tract of land devoted to agriculture, pasturage, stock raising, or some allied industry." Black's Law Dictionary 545 (5th ed. 1979). We have concluded that Reiniger is engaged in the business of agriculture. It follows, then, that its business is a farm since it is indeed "a tract of land devoted to agriculture."

This conclusion is buttressed by our Supreme Court's holding in *Klein Appeal,* 395 Pa. 157, 149 A.2d 114 (1959). In that case the Supreme Court held that a tract of land where cut flowers, annuals and evergreens would be grown in a greenhouse, including some in pots, was a "farm" for purposes of a zoning ordinance.

We note that a statute exempting persons or property from taxation must be strictly construed. Section 1928(b)(5) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(b)(5). Further, a taxpayer has the burden of proving that he is entitled to an exemption from

taxation. *Peters Orchard*. We think that when the statute is strictly construed it is nevertheless clear that Reiniger has met its burden.

The Commonwealth argues that the conclusion we adopt today is contrary to the legislative purpose behind Section 602.2 of the Code, 72 P.S. §7602.2, to preserve farmland. We do not feel that our holding here today runs afoul of this legislative purpose. We have concluded that Reiniger's business *is* a farm. The tax break given Reiniger will serve to possibly prolong the present use of the land. Beyond this, however, we do not feel that it is necessary to enter into a discussion of the "legislative intent" in that under the clear and explicit language of the Code Reiniger is entitled to the exemption. *See* Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921.

The Board cites two cases in which the exemption was denied: *Peters Orchard* and *Hoffman Seeds, Inc. v. Commonwealth*, 91 Pa. Commonwealth Ct. 402, 497 A.2d 668 (1985), *aff'd per curiam*, 512 Pa. 374, 516 A.2d 1384 (1986). Both those cases can be distinguished from the case at bar, however. The exemption was denied in *Peters Orchard* because the corporation did not actually engage in farming but leased its agricultural assets to another corporation for operation. In *Hoffman Seeds*, the exemption was denied for a similar reason. The corporation there had growing contracts with farmers under which it paid the farmers to grow seeds, however it had no farm itself. In the case at bar, as we have explained, Reiniger does own and operate a family farm. It is entitled to the exemption.

## ORDER

The order of the Board of Finance and Revenue refusing a petition for refund of capital stock tax filed by Reiniger Brothers, Inc. is reversed. The capital stock tax

liability of Reiniger Brothers, Inc. for the year ending December 31, 1981 is zero.

Unless exceptions to this order are filed within thirty (30) days of this date, pursuant to the provisions of Pa. R.A.P. 1571, final judgment shall be entered on praecipe of either party.